**DLD-021**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3314
_____

ASSEM A. ABULKHAIR,

                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-10-cv-00550)
District Judge:  Honorable Katharine S. Hayden

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 20, 2011

Before:  AMBRO, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 3, 2011)
_____

OPINION
_____

PER CURIAM

        On August 2, 2011, the District Court denied appellant Abulkhair's motion to

enforce its order of November 1, 2010.  Abulkhair appealed. We will summarily affirm.

        The multi-year history of this litigation need not be recapitulated, as the parties—

our primary audience—are undoubtedly familiar with Abulkhair's long struggle to obtain Social Security benefits. Following many years of litigation, and at least one appearance before this Court (see generally Abulkhair v. Comm'r, 355 F. App'x 603 (3d Cir. 2009)), Abulkhair received a favorable decision from the District Court. Observing that "an inordinate length of time, stretching back almost two decades, has passed without full resolution of plaintiff's application for disability benefits," the District Court:

> **ORDERED** that the decision of the Appeals Council dated May 24, 2007 is reversed and as a consequence, the Commissioner's final decision denying benefits is reversed; and . . .

> **ORDERED** that plaintiff's application for retroactive benefits between September 11, 1992 and August 12, 1997 is granted.

Order 7–8, ECF No. 16. The decision granted relief in what was referred to as "Application I," which covered Social Security benefits from the abovementioned 1992 to 1997 time period, and did not otherwise appear to address "Application II," a second Social Security benefits application that was filed in 1997.[1]

The record indicates that the Social Security Administration ("Administration") then contacted Abulkhair and arranged a payment schedule. In its letter, the Administration informed Abulkhair that it owed him $28,979.93 in back payments, but "[b]ecause of the large amount, the law says we cannot pay all of the money in one lump

---

[1] The District Court's order suggests that "Application II" was approved in April 2004. See Order 4.

sum. Instead, we must pay it in up to three installments, six months apart." The first payment would arrive on January 15, 2010, with the second following in six months. The letter further explained to Abulkhair the limited exceptions to the above rule.

Apparently dissatisfied with the arrangement, Abulkhair filed a "Motion to Enforce Judgment," ECF No. 17, on January 18, 2011. He raised three complaints with the Administration's post-judgment conduct: 1) the Administration had failed to justify why it could not pay him in a lump sum, and Abulkhair believed there to be no actual restriction on its ability to do so; 2) the Administration failed to grant him interest on the back payments; and 3) the Administration had failed "to refund the due amount of $4,107.00 that was wrongly recouped by the State without any agreement and to pay the unpaid benefits for December 01, January 02, February 02, March 02 and June 02 under (Application II)." The District Court denied relief on August 2, 2011, and this timely appeal followed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, but our jurisdiction extends only to the denial of Abulkhair's "Motion to Enforce Judgment," and not to the District Court's original order granting relief.[2] "This court has recognized the propriety

---

[2] The District Court's original order was entered on November 1, 2010. However, it did not comply with the strictures of Fed. R. Civ. P. 58(a), also known as the "Separate Judgment Rule." See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F. 3d 217, 224 (3d Cir. 2007); In re Cendant Corp. Secs. Litig., 454 F.3d 235, 242 (3d Cir. 2006). Under the combined operation of Fed. R. Civ. P. 58(c)(2)(B) and Fed. R. App. P. 4(a)(1)(B), Abulkhair had 210 days in which to file a notice of appeal if he was unsatisfied with the District Court's resolution of his claim. His notice of appeal was not within this window

of motions to enforce a judgment previously entered by the court and has held that they may be made at any time after the entry of judgment." Union Switch & Signal Div. Am. Standard, Inc. v. United Elec., Radio & Mach. Workers, Local 610, 900 F.2d 608, 615 (3d Cir. 1990). The disposition of such a motion is reviewed for abuse of discretion. Id.

Having reviewed the record, we are in full accord with the District Court. None of the Administration's attempts to fulfill its obligations to Abulkhair violated either the letter or spirit of the District Court's order. Its installment payment plan was implemented pursuant to governing regulations and internal directives. See, e.g., 20 C.F.R. § 416.545(a). Nor was Abulkhair entitled to interest on his past-due amount, as "in the absence of a specific provision in a contract or statute, or express consent by Congress, interest does not run on a claim against the United States." VGS Corp. v. U.S. Dep't of Energy, 808 F.2d 842, 845 (Temp. Emer. Ct. App. 1986); see also Library of Congress v. Shaw, 478 U.S. 310, 314–15 (1986); Arnesen v. Principi, 300 F.3d 1353, 1358–59 (Fed. Cir. 2002).[3] Finally, the refund that Abulkhair requested was related to "Application II," which was not the subject of the District Court's original order. Accordingly, it was outside the scope of a proper motion to enforce the judgment.

and, accordingly, we cannot exercise jurisdiction over the original District Court order. See Bowles v. Russell, 551 U.S. 205, 214 (2007).

[3] We take judicial notice that the Administration discusses on its website its inability to pay interest on back benefits. See Social Security Online Frequently Asked Questions, Collecting Interest on Back Benefit Checks, http://ssa-custhelp.ssa.gov/app/answers/detail/a_id/186/~/collecting-interest-on-back-benefit-

4

Therefore, as this appeal presents no substantial question, we will summarily affirm the judgment of the District Court.  <u>Murray v. Bledsoe</u>, No. 10-4397, 650 F.3d 246, 2011 U.S. App. LEXIS 11702, at *3 (3d Cir. June 10, 2011); <u>see also</u> Third Cir. L.A.R. 27.4; I.O.P. 10.6.

<hr>

checks (last visited Oct. 14, 2011).  Of course, nothing in the District Court's original order can be construed to mandate the payment of interest on what Abulkhair was owed.