Tore O. ARNESEN, Claimant–
Appellant,

v.

Anthony J. PRINCIPI, Secretary of
Veterans Affairs, Respondent–
Appellee.

No. 02–7017.

United States Court of Appeals,
Federal Circuit.

Decided: Aug. 23, 2002.

Rehearing Denied: Sept. 17, 2002.

1354

Tore O. Arnesen, of Broomfield, Colorado, appearing pro se.

Doris S. Finnerman, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Franklin E. White, Jr., Assistant Director. Of counsel were Richard J. Hipolit, and Y. Ken Lee, Attorneys, Department of Veterans Affairs, of Washington, DC.

Before NEWMAN, GAJARSA, and PROST, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Mr. Tore Arnesen appeals the decision of the United States Court of Appeals for Veterans Claims (CAVC) denying his motion for decision by a panel of that court and dismissing his request for *en banc* review of the single-judge decision.[1] In that decision the CAVC remanded several of Mr. Arnesen's claims to the Board of Veterans Appeals pursuant to the Veterans Claims Assistance Act of 2000, Pub. L. No. 106–475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA). The Federal Circuit has jurisdiction of some, but not all, of the issues raised by Mr. Arnesen. As to those issues the judgment is affirmed.

## BACKGROUND

Mr. Arnesen served in the United States Army from July 1968 to March 1970. In

---

**1.** *Arnesen v. Principi,* No. 99–948 (Ct.App. Vets.Cls. Oct. 9, 2001) (final order); 2001 WL 505362 (Vet.App. Apr. 27, 2001) (single judge reconsideration decision).

about February 1969 he suffered injuries to his right knee. In April 1970 the Veterans Administration Regional Office found service connection for "chondromalicia right knee," rated at 10% disabling, and denied service connection for left knee disability. Various requests by Mr. Arnesen for increased ratings were denied, until December 1990 when the Board found service connection for chondromalicia of the left knee with traumatic arthritis, rated at 10% disabling. This award was made effective as of February 1986, the date the left knee claim was deemed reopened with continuous prosecution.

Thereafter, Mr. Arnesen wrote to the Regional Office, disputing the characterization of his left knee disability as traumatic arthritis, the effective date of the award, and the assigned degree of disability. He also sought interest for the retroactive portion of the left knee award. These four issues were considered by the Regional Office and rejected in April 1992. On appeal the Board held on September 30, 1993 that while his request was well-grounded Mr. Arnesen was not entitled to an increased rating; the Board did not address the three other issues. In its December 7, 1995 decision[2] the CAVC held that the Board should have addressed the three issues of effective date, service connection for generalized arthritis in the left knee, and interest on the 1990 left knee award, because they had been decided by the Regional Office. The CAVC also directed the Board on remand to rehear certain aspects of Mr. Arnesen's claim for in-service aggravation of generalized arthritis.

The Board, on receiving the remand from the CAVC, in turn remanded to the Regional Office. The Regional Office conducted additional hearings during October 1996 and January 1998 for further evidentiary development. In December 1998 the Regional Office again denied Mr. Arnesen's claims. He appealed to the Board, and on February 1, 1999, the Board (1) denied the claim for service connection for generalized arthritis as not well-grounded, (2) denied an increase in the 10% disability rating for chondromalicia and arthritis in either the left or right knee, (3) denied an effective date earlier than February 14, 1986 for the left knee award, and (4) dismissed, as without legal basis, the claim for interest on back payments, and inclusion of cost-of-living increases in these back payments.

Mr. Arnesen appealed to the CAVC. On October 12, 2000 the court, acting through a single judge, affirmed the Board's decision as to issues (2), (3), and (4), but remanded as to issue (1) based on the Board's failure to provide an adequate explanation of its rejection of the claim. The CAVC declined to hear Mr. Arnesen's new claim that he had not received compensation in February 1997 (called issue (5)) because that claim had not been raised before the Board.

Mr. Arnesen moved for single-judge reconsideration, and alternatively for consideration by a panel of judges. While this motion was pending the VCAA was enacted. On April 27, 2001 the judge who had initially decided the appeal for the CAVC granted Mr. Arnesen's motion for reconsideration, and with respect to issues (2) and (3) vacated the earlier decision and remanded to the Board for further attention in light of the VCAA; the judge rejected Mr. Arnesen's argument that the

---

2. *Arnesen v. Brown,* 8 Vet.App. 432 (1995).

CAVC should decide the effect of the VCAA on issues (2) and (3) without remand to the Board. The judge left undisturbed his remand to the Board on issue (1). As for issue (4) the judge again held that there is no statutory or legal basis for the requested interest on back payments awarded upon the final 1990 award. The judge confirmed his refusal to entertain issue (5) because it had not been raised before the Board. The judge also denied Mr. Arnesen's motion that the judge be disqualified or recused from the case.

On September 14, 2001 a CAVC three-judge panel (excluding the judge who had been handling the appeal) affirmed the denial of Mr. Arnesen's motion for disqualification. On October 9, 2001 a different CAVC three-judge panel declined to hear the merits of Mr. Arnesen's motion for a panel decision, reasoning that the Board must first readjudicate his claims under the new and friendlier conditions established by the VCAA. The panel also dismissed Mr. Arnesen's motion for en banc review of the April 27, 2001 single judge decision as premature. This appeal ensued.

## DISCUSSION

■■■ Federal Circuit review of CAVC decisions is limited to constitutional issues and questions of statutory or regulatory interpretation or validity, as explained in *Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir.2002) (*en banc*). *See* 38 U.S.C. § 7292. We do not have authority to review factual determinations or the application of law to particular facts. *See id.* § 7292(d)(2). In addition, the issue on appeal must have been finally decided by the CAVC, and remand decisions by the CAVC are not final for review purposes absent three circumstances: "(1) there

must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue." *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed.Cir.2002) (footnotes omitted).

I

Mr. Arnesen, appearing *pro se*, raises the five issues enumerated *ante*, and additional issues that he states have been ignored by the various lower tribunals. Mr. Arnesen assigns constitutional, statutory, procedural, and factual errors to the decision of the CAVC.

A

■■ The CAVC had remanded issues (1), (2), and (3) to the Board for further development in light of the VCAA, stating that it would offend "concerns of fundamental fairness and fair process" for the court to inhibit consideration by the Board of Mr. Arnesen's claims under the strongly pro-veteran VCAA, citing *Holliday v. Principi*, 14 Vet.App. 280, 290 (2001). Mr. Arnesen argues that the CAVC should have provided rulings on the remanded issues insofar as any aspect of any issue was ripe for ruling. He also states that the CAVC "should have been able to reasonably determine how the VCAA affects this case" without remand because the record is complete and there are no new arguments or evidence to be considered by

the Board. Mr. Arnesen asserts violation of constitutional due process by the CAVC in remanding these issues instead of deciding them.

■ Although we share Mr. Arnesen's concern for the passage of time consumed by the multiple remands, violation of constitutional rights has not been shown. This remand permits him to pursue issues (1), (2), and (3) that had otherwise been resolved adversely, including issues (2) and (3) which had previously been affirmed by the CAVC. *See Bernklau v. Principi*, 291 F.3d 795, 803 (Fed.Cir.2002) (the VCAA eliminated the requirement that the claim be well grounded before the duty to assist arises); *Dyment v. Principi*, 287 F.3d 1377, 1385 (Fed.Cir.2002) (VCAA duty to assist applies to all claims not final when VCAA was enacted). For issues (1), (2), and (3), the *Williams* factors for departing from the rule of finality have not been shown to be present. There is no basis for departing from the general rule against review of remand orders.

Mr. Arnesen does not argue that the issues relevant to his claim were encumbered by an erroneous statutory interpretation, *see Travelstead v. Derwinski*, 978 F.2d 1244, 1248–49 (Fed.Cir.1992), or that they might evade future review, as discussed in *Dambach v. Gober*, 223 F.3d 1376, 1379 (Fed.Cir.2000) (jurisdiction exists over appeal of remand order where Veterans Court interpreted statute affecting remand and legal issue could escape future appellate review). Due process considerations do not require the CAVC to decide issues on the existing record rather than remanding to the Board for further development; Mr. Arnesen has not established the basis of a procedural constitutional claim.

Mr. Arnesen also presents numerous challenges to the factual determinations on these issues. We do not have authority to review factual findings. 38 U.S.C. § 7292(d)(2).

### B

The CAVC denied Mr. Arnesen's claim for interest and cost-of-living increases for the retroactive portion of his 1990 award for chondromalacia and arthritis of the left knee (issue (4)) as unauthorized by statute or regulation, citing *Smith v. Gober*, 14 Vet.App. 227 (2000) (38 U.S.C. § 503(a) does not provide authority for interest payments), *aff'd*, *Smith v. Principi*, 281 F.3d 1384 (Fed.Cir.2002). While the entitlement to interest could affect all of Mr. Arnesen's claims, we consider only the denial by the CAVC of interest on the final 1990 left knee award as made retroactive to 1986. Mr. Arnesen argues that denial of interest harms veterans, and that the VA's failure to obtain authority for interest payments is an intentional violation of its mission to aid veterans, citing the CAVC's statement in *Smith v. Gober* that "[i]t is unfortunate that the veteran for a period of over thirty years has been erroneously denied his benefits." 14 Vet.App. at 231.

■ It is well established that payment of interest by the federal government must be authorized by statute. *See United States v. Louisiana*, 446 U.S. 253, 264–65, 100 S.Ct. 1618, 64 L.Ed.2d 196 (1980) ("[I]n the absence of specific provision by contract or statute, or 'express consent . . . by Congress,' interest does not run on a claim against the United States.") (internal citations omitted). This rule can not be disregarded, even for sound policy reasons. *See United States v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 663, 67 S.Ct. 601, 91 L.Ed. 577 (1947) ("Courts lack the power to award interest against the United

States on the basis of what they think is or is not sound policy.").

■ Mr. Arnesen also asserts that interest on those payments is indeed authorized by statute, and that 28 U.S.C. §§ 2411, 2412, and 2412(c), 38 U.S.C. §§ 5312 and 1101, and Pub.L. No. 101–508 all authorize the payment of interest on retroactive disability awards. We review this issue as a matter of statutory interpretation, and conclude that none of the statutes cited by Mr. Arnesen provides authority for payment of interest or applying cost-of-living increases to retroactive awards for veterans' disability. 28 U.S.C. § 2411 deals with interest payments on overpayment of internal-revenue taxes; it is unrelated to interest on veterans' claims. 28 U.S.C. § 2412 relates to attorney fees under the Equal Access to Justice Act, and has no relevance to retroactive interest payments. 28 U.S.C. § 2412(c) does not authorize the payment of interest for "bad faith" conduct by the Veterans Administration. 38 U.S.C. § 5312 relates to increases in Social Security benefits and does not provide interest on back payment of veterans' benefits. 38 U.S.C. § 1101 contains definitions of service-connected disability or death compensation, but does not provide for interest or cost-of-living increases for such compensation. The statutory amendments to veterans' benefits contained in the Omnibus Budget Reconciliation Act of 1990, Pub.L. No. 101–508, 104 Stat. 1388 (1990) do not authorize interest on veterans' disability awards.

With respect to Mr. Arnesen's argument that he is entitled to cost-of-living increases for the retroactive portion of the 1990 award, we have been directed to no error of law concerning the treatment of this issue by the CAVC.

C

■ The CAVC held that it lacked jurisdiction to consider issue (5) because it had not been raised before the Board or the Regional Office. Although the CAVC is not barred from deciding an issue that can be resolved on the record, *see Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (appellate courts have discretion to resolve issues not passed on below), whether the CAVC abused its discretion in this instance depends on the particular facts, and thus is not reviewable by the Federal Circuit. Such an exercise of procedural discretion does not support a constitutional challenge to due process, and does not invoke our appellate jurisdiction on that ground.

D

■ Mr. Arnesen states that various factual matters which he raised relating to combat veteran status, pre-existing versus combat-incurred conditions, and degenerative joint disease versus traumatic arthritis injury characterization, were ignored by the Board and the CAVC, thereby violating his constitutional rights of due process. The record does not support his constitutional argument, for although Mr. Arnesen complains that facts were found adversely—questions not reviewable by the Federal Circuit—the Board's decision discusses the evidence of generalized degenerative joint disease, pre-service injury, generalized arthritis, and Mr. Arnesen's status as a combat veteran. Similarly, the CAVC did not ignore these issues during the appeal to that court, but premised its remand partially on the facts that Mr. Arnesen states were ignored or inadequately considered by the Board. No constitutional due process issue is raised by these procedures. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir.1999) (appellate issues, entirely factual, were inappropriately characterized as constitutional).

## II

■ Mr. Arnesen lodges two constitutional complaints about the CAVC's procedures for *pro se* petitioners. First, he states that he was not informed, by either the Veterans Administration or the CAVC, of the existence of the CAVC's "informal brief" procedure during his 1995 appeal. He states that he should have been advised of this procedure pursuant to U.S. Vet.App. Rule 28(h). Rule 28(h) authorizes the use of informal briefs by *pro se* appellants, but is silent as to procedures for communication of this aspect to appellants. Mr. Arnesen also states that although he tried to use the informal brief form for his appeal in 2000, he was unable to do so because it is poorly designed. He states that these problems, in combination with the absence of legal assistance necessary to complete and file a "formal" brief, violated his constitutional rights by denying him a fair hearing of his complaints.

We are sympathetic to the difficulties confronting *pro se* appellants. However, we take note of the various services available to assist veterans in pursuing their claims, *see Walters v. Nat'l Ass'n of Radiation Survivors,* 473 U.S. 305, 311, 105 S.Ct. 3180, 87 L.Ed.2d 220 (1985) (noting that various veterans organizations provide free legal assistance for veterans claims). The difficulties encountered by Mr. Arnesen do not raise issues of constitutional dimension. *Cf. Lassiter v. Dep't. of Social Servs.,* 452 U.S. 18, 27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981) (generally no right to counsel exists for indigent civil litigants absent potential for loss of personal freedom if action is lost).

## III

■ Mr. Arnesen challenges the validity of the procedure whereby a single CAVC judge rendered the court's April 27, 2001 reconsideration ruling, and appeals the subsequent denial of full-court review. Mr. Arnesen points to the assigned judge's statement that single-judge disposition was appropriate because the case was one "of relative simplicity," and states that the lengthy and complex history of his situation precludes such a simplistic view. Mr. Arnesen does not challenge the CAVC's criteria for single-judge determinations as set forth in *Frankel v. Derwinski,* 1 Vet. App. 23, 25–26 (1990), but argues that his case does not satisfy those criteria. Because Mr. Arnesen raises a factual challenge—that is, the "relative simplicity" of his case—this issue is not within our appellate jurisdiction. *See* 38 U.S.C. § 7292(a).

■ Similarly, we lack jurisdiction of Mr. Arnesen's challenge to the CAVC's denial of full court review of the April 27, 2001 decision. That review was denied pursuant to CAVC Rule 35(c), which provides that "[a] motion for decision by the full Court in a case decided only by a single judge is not permitted" without first seeking panel review. While Mr. Arnesen protests that his case did receive the requisite panel review on October 9, 2001, the record shows that panel review was directed solely to the issue of disqualification of the judge; the merits of the various claims were not before the panel.

■ As for Mr. Arnesen's constitutional challenge on the ground that the absence of full court review of the single-judge decision is a denial of due process, no constitutional violation has been shown. CAVC Rule 35 establishes a procedure for requesting panel and then full court review of a single judge decision. Denial of such requests does not of itself violate due process for, as we have observed, the CAVC is

not precluded from deciding appeals with a single judge.

## CONCLUSION

The judgment of the Court of Appeals for Veterans Claims is affirmed.

No costs.

*AFFIRMED.*