PER CURIAM.
Mema R. Dela Cruz appeals from a final judgment of the United States Court of Appeals for Veterans Claims (“Veterans Court”) affirming a decision of the Board of Veterans’ Appeals (“BVA”), which denied reinstatement of veterans’ death pension benefits, after determining that she was not entitled to recognition as the surviving spouse of a veteran. Dela Cruz v. Principi 15 Vet.App. 1438 (2001). Because Ms. Dela Cruz’s appeal does not raise an issue reviewable by this court, we must dismiss the appeal for lack of jurisdiction.
BACKGROUND
The record shows that Ms. Dela Cruz is the widow of veteran Augustin Dela Cruz, with whom she entered into a ceremonial marriage in 1973. Shortly after her husband’s death in August 1985, Ms. Dela Cruz applied for and was awarded death pension benefits as the surviving spouse of a veteran, pursuant to 38 U.S.C. §§ 1541 and 101(3) (1978). In October 1988, Ms. Dela Cruz’s benefits were discontinued by administrative decision in which it was determined that Ms. Dela Cruz lived with another man, that they held themselves out to the public as husband and wife, and therefore that she no longer qualified as a surviving spouse for purposes of receiving veterans’ death benefits.
Ms. Dela Cruz appealed the decision to the BVA, which sustained the revocation of death pension benefits on the ground that she no longer satisfied the statutory “surviving spouse” requirement. In 1998 the Veterans Court remanded the BVA’s decision for readjudication, for failure to provide adequate reasons in support of its conclusions. On remand, the BVA once again denied the request for reinstatement of the benefits in an extensive opinion issued on January 22, 1999. The BVA’s decision was affirmed by the Veterans Court on November 17, 2000, and then reconsidered by the Veterans Court upon appellant’s motion. In its reconsideration decision, the Veterans Court withdrew its November 17, 2000 decision and issued a panel decision affirming the BVA’s denial of reinstatement to the death pension benefits. Ms. Dela Cruz timely appealed to this court.
DISCUSSION
This court’s review of Veterans Court decisions is strictly limited to constitutional issues and questions of statutory or regulatory interpretation or validity. 38 U.S.C. § 7292 (2000); see also Arnesen v. Principi 300 F.3d 1353, 1357 (Fed.Cir. 2002); Forshey v. Principi 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Accordingly, we are precluded from reviewing factual determinations or the application of law to a specific set of facts. See 38 U.S.C. § 7292(d)(2); Futrell v. Brown, 45 F.3d *543 1534 (Fed.Cir.1995); Johnson v. Derwin-ski 949 F.2d 394, 395 (Fed.Cir.1991) (citing 38 U.S.C. § 7292).
In her brief, Ms. Déla Cruz only asks this court to reconsider her claim for reinstatement of death pension benefits. Nowhere does she raise a constitutional issue; nor does she challenge the validity or interpretation of any statute or regulation relied on by the Veterans Court. It is clear from its decision that the Veterans Court applied the pertinent laws to appellant’s situation, and what Ms. Déla Cruz seeks from this court today is merely a review of the factual determinations that resulted in the denial of her reinstatement to the death pension benefits she was awarded upon her husband’s death.
Because we find that Ms. Déla Cruz does not raise any legal issue that falls within the limited jurisdiction of this court under 38 U.S.C. § 7292, this appeal must be, and is, dismissed.