**Frank D. CARTER, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 03–7026.

United States Court of Appeals, Federal Circuit.

DECIDED: Sept. 3, 2003.

Rehearing and Rehearing En Banc Denied Nov. 3, 2003.

Before MAYER, Chief Judge, CLEVENGER and PROST, Circuit Judges.

*ORDER*

PROST, Circuit Judge.

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Frank D. Carter's appeal for lack of jurisdiction or, in the alternative, for summary affirmance of the Court of Appeals for Veterans Claims' order denying Carter's motion for a full court decision. Carter opposes.

Carter appeals from an October 24, 2002 order of the Court of Appeals for Veterans Claims denying his motion for full court review of a July 10, 2002 single judge

---

decision. The July 2002 decision affirmed a Board of Veterans' Appeals decision that rejected Carter's allegation of clear and unmistakeable error in an earlier Board decision and declined to grant a 20 percent disability rating for asthma. Citing U.S. Vet.App. R. 35(c), the Court of Appeals for Veterans Claims noted that "[m]otions for full Court decision are not favored. Ordinarily they will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance." Upon consideration of the record, the Court of Appeals for Veterans Claims determined that full court review was not warranted.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Carter's appeal does not satisfy any of the grounds for invoking this court's jurisdiction. The Court of Appeals for Veterans Claims' order denying full court review did not address or otherwise depend on any issue of validity or interpretation of any statute or regulation, nor did Carter raise any argument concerning the validity or interpretation of any such provision. Further, Carter fails to raise any clear or genuine constitutional issues.

In his informal brief and response to the Secretary's motion, Carter states that the Court of Appeals for Veterans Claims is biased against him and a single judge decision "is a bad faith unreasonable prohibition against full-court review ... and denial of access to the appeals court."* The bulk of Carter's remaining arguments con-

cerns his alleged wrongful conviction by a state court, and he asserts that he is "a member of a racially discriminated against group." To the extent Carter attempts to raise constitutional issues on appeal, his conclusory allegations are without factual support and are, therefore, "constitutional in name only." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed.Cir.1999). "The characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Id.* Further, the denial of a request for full court review does not of itself violate due process. *See Arnesen v. Principi*, 300 F.3d 1353, 1360–61 (Fed.Cir.2002).

In this case, the Court of Appeals for Veterans claims merely applied the law governing full court review to the facts and circumstances of Carter's case. The jurisdiction of this court does not extend to "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Carter's appeal is, therefore, not within this court's jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) The Secretary's alternative motion for summary affirmance is moot.

(4) Each side shall bear its own costs.

---

* Carter also asks this court to "exercise its jurisdiction to include the rule of law and interpretation of the fraudulent exclusion of VBA folder No. 27937 which supports claimant's position." Carter did not raise this issue

in his "Motion for Full Court Decision" and there is no indication that it was relevant to the Court of Appeals for Veterans Claims' decision to deny full court review.