NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**REBECCA M. CROSS,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2010-3158

---

Petition for review of the Merit Systems Protection Board in case no. SL831E880232-C-1.

---

Decided: January 14, 2011

---

REBECCA M. CROSS, of St. Louis, Missouri, pro se.

DEVIN A. WOLAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARK A. MELNICK, Assistant Director.

---

Before NEWMAN, GAJARSA, and MOORE, *Circuit Judges.*

PER CURIAM.

Rebecca M. Cross appeals the final order of the Merit Systems Protection Board ("Board" or "MSPB") denying her petition for review and rendering the initial decision of the Administrative Judge ("AJ") final. In her initial decision, the AJ found that the Office of Personnel Management ("OPM" or "the agency") was in compliance with the Board's September 1, 1988 decision ordering OPM to approve Ms. Cross's application for a disability retirement, and denied the petition for enforcement. Because the Board's position was supported by substantial evidence, we *affirm*.

## BACKGROUND

Ms. Cross was employed by the United States Postal Service. In 1983, she suffered an on-the-job injury of post traumatic stress disorder after witnessing an elevator door close on a pushcart. Since that time, Ms. Cross has not worked and has continuously received some form of Federal disability compensation. From the time of injury until 2002, she received disability compensation from the Office of Workers' Compensation Programs ("OWCP"). In 2002, OWCP terminated her benefits after concluding that Ms. Cross's disabling condition no longer prevented her from working. Since that time, she has been receiving an OPM disability retirement annuity.

The present litigation was initiated on July 27, 2009, when Ms. Cross filed a petition for enforcement of the MSPB's September 1, 1988 order directing the grant of her OPM disability retirement application. In an initial decision dated December 8, 2009, the AJ denied the petition. The AJ found that not only was the agency in full compliance with the 1988 order, but also that Ms.

Cross did "not present[ ] any cognizable claim that OPM is not in compliance with the underlying Board order granting her a disability retirement." Ms. Cross filed a petition for review by the full Board, arguing for the first time that OPM had miscalculated her disability retirement benefit. On June 4, 2010, the MSPB denied her petition, holding that the Board lacks jurisdiction over appeals alleging an error in the calculation of OPM retirement benefits.

A timely appeal to this court followed. This court has jurisdiction over Ms. Cross's appeal pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

### DISCUSSION

The scope of judicial review of Board decisions is narrowly defined and limited by statute. We must affirm a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). The burden of establishing any error in the administrative decision lies with the petitioner, because there is a presumption that administrative actions are correct and that Government officials act in good faith in discharging their duties. *Sanders v. United States Postal Serv.*, 801 F.2d 1328, 1331 (Fed. Cir. 1986).

Ms. Cross first asserts that because she is over sixty years old, OPM regulations prohibit the Government from subjecting her to further medical examinations. To the extent that she is contesting the Department of Labor's ("DOL") decision to terminate her OWCP disability benefits, that decision is not reviewable by the MSPB or this court. 5 U.S.C. § 8128 (vesting the Secretary of Labor with authority to review DOL benefits determinations,

and stating that the Secretary's actions are "not subject to review by another official of the United States or by a court by mandamus or otherwise"). The record also contains no evidence that Ms. Cross has raised any issues concerning her disability compensation with either OWCP or OPM.[1]

Ms. Cross next argues that she was denied due process and discriminated against when an unnamed source "return[ed] information to me because I failed to send a copy to OPM." While she does not elaborate on her assertion, the record shows that both the AJ and the MSPB thoroughly considered all the issues that were raised and that she was afforded proper due process.

Lastly, Ms. Cross suggests that because she was unable to retain an attorney in this case, the Board's decision "should not be acceptable in any court in this country." However, civil litigants are not guaranteed a right to counsel and this would not be a basis of reversal of the Board's decision. *See, e.g.*, *Arnesen v. Principi*, 300 F.3d 1353, 1360 (Fed. Cir. 2002) (citing *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25-26 (1981)). In addition, Ms. Cross did not prevail before the Board because her claim lacks merit, not because she was not represented by counsel.

---

[1] In its final decision, the Board noted that Ms. Cross submitted numerous documents dating from 1984 to 1988 relating to her OWCP claim and her disability retirement annuity under the Civil Service Retirement System, and a letter dated October 5, 2009 indicating that her attorney terminated the attorney-client relationship. Because no evidence was submitted showing that any of the documents were unavailable prior to the close of the record, despite her due diligence, the Board need not consider them on review.

The AJ correctly determined that OPM met its burden to demonstrate by a preponderance of the evidence that it was in compliance with the Board's prior order, and that the Board does not possess jurisdiction to review decisions concerning OWCP benefits. The AJ also correctly held that the MSPB only possesses jurisdiction to entertain an appeal of an OPM determination on the merits of an individual's application for Civil Service Retirement System ("CSRS") benefits after a final reconsideration decision upon the merits. 5 U.S.C. § 8347(d)(1); 5 C.F.R. §§ 831.109(f), 831.110; *Muyco v. Office of Pers. Mgmt.*, 104 M.S.P.R. 557, 560 (2007) (citations omitted). Because there was no final OPM reconsideration decision in this case, the MSPB only has jurisdiction to consider a CSRS retirement benefits appeal if, after issuing an initial decision denying benefits, OPM improperly failed or refused to issue a reconsideration decision. *Muyco*, 104 M.S.P.R. at 562.

Because the decision of the Board is supported by substantial evidence, we affirm.

COSTS

No Costs.