NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOE A. BROWDER, JR.,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-2626

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-4329, Judge Mary J. Schoelen, Judge Margaret C. Bartley, Senior Judge Kenneth B. Kramer.

---

Decided: May 1, 2018

---

JOE A. BROWDER, JR., Louisville, KY, pro se.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; BRIAN D. GRIFFIN, SAMUEL PEARSON-MOORE,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before WALLACH, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Appellant Joe A. Browder, Jr., appeals a memorandum decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board"), which denied Mr. Browder's request to reopen a previously-denied claim for hypertension; entitlement to special monthly compensation; and entitlement to service-connected benefits for flat feet, psychiatric disorder (other than post-traumatic stress disorder), insomnia, and headaches. *See Browder v. Shulkin*, No. 15-4329, 2017 WL 2569870, at \*1, \*3–6 (Vet. App. June 14, 2017). Because we lack jurisdiction over Mr. Browder's appeal, we dismiss.

## JURISDICTION

For appeals from the Veterans Court, we "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . , and to interpret constitutional and statutory provisions." 38 U.S.C. § 7292(c) (2012); *see Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017). "Except to the extent that an appeal . . . presents a constitutional issue," we "may not review . . . a challenge to a factual determination, or . . . a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

We do not possess jurisdiction over Mr. Browder's claims. First, Mr. Browder raises several factual challenges, which we cannot review. *See id.* For example, Mr. Browder argues the Veterans Court erred in affirming the Board's decision to "disregard evidence" attached to a

certain regulatory waiver. *See* Appellant's Br. 1; *see also* 38 C.F.R. § 20.1304(c) (2016) ("Any pertinent evidence submitted by the appellant . . . must be referred to the agency of original jurisdiction for review, unless this procedural right is *waived* by the appellant . . . ." (emphasis added)). However, he does not challenge the Veterans Court's interpretation that a § 20.1304(c) waiver "appl[ies] to *evidence*, not *claims*," *Browder*, 2017 WL 2569870, at *2, and instead attacks the application of the regulation to his factual circumstance, *see* Reply Br. 2 (alleging the Veterans Court's finding on waiver "was patently false"). "We do not have authority to review" Mr. Browder's challenge to "the application of law to particular facts." *Arnesen v. Principi*, 300 F.3d 1353, 1357 (Fed. Cir. 2002).

Similarly, Mr. Browder argues the Veterans Court erred in allowing the Department of Veterans Affairs ("VA") to request an additional medical examination. *See* Appellant's Br. 2. However, he does not challenge the validity or interpretation of the relevant statute or regulation. *See* 38 U.S.C. § 5103A(d)(1) (acknowledging that the Secretary of the VA may help a claimant by "providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision"); 38 C.F.R. § 3.304(c) ("The development of evidence in connection with claims for service connection will be accomplished when *deemed necessary* . . . ." (emphasis added)). *See generally* Appellant's Br. Instead, Mr. Browder challenges only the application of that statute and regulation to the facts here, which we may not review. *See Arnesen*, 300 F.3d at 1357.

Mr. Browder also argues that a VA reviewing officer and a VA medical examiner either "misstated" his diagnoses by improperly weighing his medical evidence or by "failing to account for the etiology and progression/remission" of his disorders. Appellant's Br. 2; *cf.* Reply Br. 1 (contending "the [Veterans] Court never had

the *facts*" based on a regional officer's and the Board's "misapplication[] and deliberate misquot[ation] of" the facts (emphasis added)), 2–3 (stating that "[m]y argument . . . is that the [Veterans] Court ignored [a certain] *fact*," that the Veterans Court "wrongfully discount[ed]" other facts, and "[t]he Board failed to properly *weigh the evidence*" (emphases added)). These are factual issues that we "lack jurisdiction to review." *Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010); *see id.* ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder."); *see also Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013) ("[T]he sufficiency of a medical opinion is a matter beyond our jurisdictional reach[] because the underlying question is one of fact.").

Second, Mr. Browder characterizes certain arguments as raising constitutional issues, without further explanation. *See* Appellant's Br. 1 (referencing "Constitutional rights to due process of law and equal protection under the laws" in reference to the Veterans Court's determination not to grant further review), 2 (mentioning "Due Process" regarding the Board's so-called "duty to assist in ordering [s]upplemental [s]tatement(s) of the [c]ase(s)"). We conclude these challenges are "constitutional in name only," such that Mr. Browder's "characterization . . . does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). To the extent that Mr. Browder challenges the constitutionality of the Veterans Court's denial of his request for "full-court review" and "panel review," Appellant's Br. 1, we have previously held that "[Veterans Court] Rule 35 establishes a procedure for requesting panel and then full court review of a single judge decision" and "[d]enial of

such requests does not of itself violate due process." *Arnesen*, 300 F.3d at 1360.[1]

## CONCLUSION

We have considered Mr. Browder's remaining arguments and find them unpersuasive. Accordingly, Mr. Browder's appeal from the U.S. Court of Appeals for Veterans Claims is

## **DISMISSED**

## COSTS

Each party shall bear its own costs.

---

[1] Mr. Browder also argues that the VA "arbitrarily lower[ed his] disability rating without good cause [or] an intervening examination." Appellant's Br. 1; *see* Reply Br. 3 (similar). As the Veterans Court explained, the VA reduced Mr. Browder's "disability rating for major depressive disorder with psychosis from 100% to 70% for non-service-connected pension purposes" but "[t]hat issue was not before the Board," such that the Veterans Court "lacks jurisdiction over it." *Browder*, 2017 WL 2569870, at *5. Mr. Browder does not challenge this finding.