NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HENRY M. GARCIA, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1772

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-4007, Judge Grant Jaquith.

---

Decided: March 9, 2023

---

HENRY M. GARCIA, JR., San Antonio, TX, pro se.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

---

Before DYK, BRYSON, and PROST, *Circuit Judges.*

PER CURIAM.

Henry M. Garcia appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") rejecting his motion for en banc review as untimely. For the reasons set forth below, we dismiss the appeal.

## BACKGROUND

Mr. Garcia is a U.S. Army veteran. *See* Appx1.[1] In 2019, the Veterans Court in a single-judge decision rejected an appeal from Mr. Garcia of a 2018 Board of Veterans' Appeals decision. *See Garcia v. Wilkie*, U.S. Vet. App. No. 18-5265 (Aug. 16, 2019) ("*Garcia I*"). On reconsideration, that court issued a panel decision upholding the earlier single-judge decision. *See Garcia v. Wilkie*, U.S. Vet. App. No. 18-5265 (Nov. 12, 2019) ("*Garcia II*"). The court entered judgment, and the mandate followed.

Mr. Garcia filed a separate notice of appeal to the Veterans Court on June 6, 2020, that appeared to appeal *Garcia II*; on the Secretary's motion, the Veterans Court—in another single-judge decision—dismissed that appeal on res judicata grounds on May 27, 2021. *Garcia v. McDonough*, No. 20-4007, 2021 WL 2142624, at *2 (Vet. App. May 27, 2021) ("*Garcia III*"). Mr. Garcia sought full-court review of *Garcia III*, and the judge assigned to his case rejected the request because the Veterans Court's rules do not allow a motion for full-court review directly from a single-judge decision. The judge afforded Mr. Garcia an additional opportunity to seek reconsideration of the decision by a panel of judges, which Mr. Garcia did on July 24, 2021.

The Veterans Court granted Mr. Garcia's motion for a panel decision on December 21, 2021, and the assigned

---

[1]    "Appx" refers to the appendix attached to the government's informal response brief.

panel adopted the single-judge decision as its own.  No party sought full-court review within the time prescribed in Rule 35(c) of the Rules of the Veterans Court, and the court entered its judgment on January 6, 2022.  On January 18, 2022, Mr. Garcia filed a motion seeking full-court review, and on March 11, 2022, the court informed Mr. Garcia that his motion was untimely.

Mr. Garcia filed a notice of appeal to this court on March 21, 2022.  Appx8, Appx11.  The government moved to dismiss the appeal, and we granted the motion in part, agreeing that Mr. Garcia "cannot appeal from the Veterans Court's judgment and decision on his benefits claim because his appeal would be untimely."  Appx11.  We were, however, "not yet prepared to dismiss this appeal" because "Mr. Garcia filed his notice of appeal within 60 days from the Veterans Court's rejection of his motion for en banc review."  *Id.*  Accordingly, "to the extent that action is an appealable decision, . . . Mr. Garcia's notice of appeal could be liberally construed as seeking to appeal that action to this court."  *Id.*  We address that question now.

## DISCUSSION

In appeals from the Veterans Court, we "decide all relevant questions of law, including interpreting constitutional and statutory provisions."  38 U.S.C. § 7292(d)(1).  We "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  *Id.* § 7292(d)(2).

We do not have jurisdiction to hear Mr. Garcia's appeal of the Veterans Court's decision to reject his motion for en banc review because it did not involve the validity or interpretation of a statute or regulation.  "[A]n interpretation of a statute or regulation occurs when its meaning is elaborated by the court."  *Forshey v. Principi*, 284 F.3d 1335, 1349 (Fed. Cir. 2002).  Because the Veterans Court did not elaborate upon the meaning of any statute or regulation and, instead, straightforwardly applied its rules to the

facts—the timing of its decision and the timing of Mr. Garcia's motion—Mr. Garcia's appeal is outside our jurisdiction. *See Arnesen v. Principi*, 300 F.3d 1353, 1360 (Fed. Cir. 2002) (dismissing as factual a challenge to a Veterans Court decision based on Veterans Court Rule 35(c)).

Mr. Garcia argues that he "raised a constitutional question where he asserts that he was denied notice of or opportunity to challenge the Veterans Court['s] correct understanding of the governing law." Appellant's Informal Br. 2. If Mr. Garcia is suggesting that the Veterans Court denied him the opportunity to seek en banc review, that is incorrect: the assigned judge gave Mr. Garcia ample opportunity to seek reconsideration of his decision, and Mr. Garcia does not argue that he could not seek en banc review of the panel's decision adopting the single-judge decision within the relevant time period. *See, e.g.*, Appx7, Appx11.

Mr. Garcia also suggests that he was denied procedural due process. *See* Appellant's Informal Br. 1–2. But that argument is both unsupported and undeveloped, so we cannot evaluate it and must deem it waived. *See, e.g.*, *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006).

Mr. Garcia's appeal does not raise issues of law, so it is outside our jurisdiction.

## CONCLUSION

We have considered Mr. Garcia's other arguments and find them unpersuasive. We dismiss Mr. Garcia's appeal for lack of jurisdiction.

**DISMISSED**

## COSTS

No costs.