NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERTO R. HERRERA, JR.,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2023-2079

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-2457, Senior Judge Mary J. Schoelen.

---

Decided:  December 7, 2023

---

ROBERTO R. HERRERA, JR., San Antonio, TX, pro se.

MATNEY ELIZABETH ROLFE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, BENJAMIN ISAAC HERSKOVITZ, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before LOURIE, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

Roberto Herrera, a veteran, appeals pro se a decision of the United States Court of Appeals for Veterans Claims. The Veterans Court affirmed the Board of Veterans' Appeals' finding that Mr. Herrera was not entitled to a rating in excess of ninety percent for bilateral hearing loss or an effective date earlier than January 9, 2018 for that ninety percent rating. Because we lack jurisdiction to decide the issues that Mr. Herrera raises or they are otherwise too underdeveloped for us to review, we dismiss his appeal.

BACKGROUND

Mr. Herrera served in the United States Marine Corps from February 1969 to January 1971. *Herrera v. McDonough*, No. 22-2457, 2023 WL 1954683, at \*1 (Vet. App. Feb. 13, 2023) ("*Decision*"). He was first granted a service connection for bilateral hearing loss in March 2004. *Id.*

In January 2018, an audiologist for the United States Department of Veterans Affairs ("VA") examined Mr. Herrera. *Id.* at \*2. Based on the results of that examination, the VA increased Mr. Herrera's disability rating for bilateral hearing loss to ninety percent, effective January 9, 2018. *Id.* Mr. Herrera timely challenged that decision and, after the VA again denied his request for an increased rating and earlier effective date, he appealed to the Board of Veterans' Appeals ("Board"). *Id.*

The Board reached the same conclusion as the VA. *Id.* at \*2–3. It found that Mr. Herrera had not met the criteria to support a disability rating of more than ninety percent bilateral hearing loss. *Id.* It also found the January 2018 report did not specify when symptoms started, such that it

would be "'speculative' to ascertain when the increased disability began." *Id.* at \*3.

On appeal, the United States Court of Appeals for Veterans Claims ("Veterans Court") issued a single-judge memorandum decision affirming the Board. *Id.* at \*1. Two months later, the Veterans Court granted Mr. Herrera's motion for a panel decision and adopted the single-judge decision as the decision of the panel. Appx16–17.[1] Mr. Herrera then filed a motion under Rule 35(c) of the Veterans Court's Rules of Practice and Procedure ("Veterans Court Rules") for Full Court Review, challenging both the single-judge and panel decisions. *See* Appx18. The Veterans Court denied his request. *Id.* This appeal followed.

## STANDARD OF REVIEW

Our jurisdiction in cases from the Veterans Court is limited by statute. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We may "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

## DISCUSSION

On appeal, Mr. Herrera appears to raise two overarching issues, both related to his denied request for review by the full Veterans Court. First, Mr. Herrera apparently argues that full court review was required because the single-judge and panel decisions "overlooked a fact and point of law prejudicial to the outcome of the appeal." Informal

---

[1] "Appx" refers to the appendix submitted with the Response Brief filed by the government on behalf of the VA.

Opening Br. 1.  Second, Mr. Herrera includes language in the caption of his informal reply brief stating, "RICO Conspiracy based on Official Misconduct & allege accomplice & co-conspirators."  Informal Reply Br. 1.  Mr. Herrera appears to contend that the judges of the Veterans Court have a "pattern [and] practice" of denying Rule 35(c) motions for full Veterans Court review, amounting to "errant judge judicial misbehavior" that should be "subject to RICO review."  *Id.* at 7–8.

All of Mr. Herrera's arguments appear to be based on the application of Veterans Court Rule 35.  That rule permits litigants to file Motions for Full Court Review of a single-judge or panel decision. Vet. App. R. 35(c).  But motions for full court review are "not favored" and "will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance."  *Id.*  A party wishing to file a Veterans Court Rule 35 motion must include a supporting argument that states the "points of law or fact that the party believes the Court has overlooked or misunderstood."  *Id.* at Rule 35(e)(1).

We lack jurisdiction to consider Mr. Herrera's arguments regarding the Veterans Court's application of its Rule 35 in his case.  Absent a constitutional issue, we may not review a challenge to the Veterans Court's application of a law or regulation to the facts of a particular case.  38 U.S.C. § 7292(d)(2).  And we have previously concluded that denial of such requests does not violate due process.  *Arnesen v. Principi*, 300 F.3d 1353, 1360–61 (Fed. Cir. 2002).

Mr. Herrera asserts there were "overlooked facts" and proceeds to quote from various sources.  We are unable to discern from his informal briefs what points of law or fact he believes were overlooked or misunderstood by the Veterans Court and find this argument must fail.  *See, e.g.*, Informal Br. 2.  Moreover, even if we were able to discern

what facts were overlooked, review of them would also involve application of law to fact that we may not do.  38 U.S.C. § 7292(d)(1)

Mr. Herrera's judicial misconduct challenge also fails. The crux of Mr. Herrera's argument appears to be that the Veterans Court has conspired to deny full court review of a collection of cases, including his, filed pro se by a group of Texas veterans.  Informal Reply Br. 7.  But merely stating disagreement with a lower court's decisions, with no supporting evidence, does not amount to a developed argument to support a claim.  *Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1341 (Fed. Cir. 2006); *see also Gelb v. Dept. of Veterans Affs.*, No. 2023-1157, 2023 WL 3493702, at *7 n.6 (Fed. Cir. May 17, 2023) (nonprecedential).  Even if we liberally construe Mr. Herrera's claim as one that the Veterans Court is misinterpreting Veterans Court Rule 35(c) in these cases, Mr. Herrera provides inadequate basis to support such a serious charge.  Again, Veterans Court Rule 35(c) presents a high bar before the Veterans Court will agree that a "not favored" motion for full court review must be granted.  Mr. Herrera fails to allege any facts that would reasonably support a claim of judicial misconduct in the Veterans Court's determinations that this high bar was not met in his referenced cases.

To the extent Mr. Herrera has characterized any arguments as constitutional, this does not cure the jurisdictional deficiency of his appeal.  Mr. Herrera's informal brief, for example, checks the box stating that the Veterans Court decided a constitutional issue and asserts that an unspecified party or parties has "prevent[ed] WestLaw publication" of complaints against federal judges.  Informal Opening Br. 2.  But simply labeling contentions as constitutional "does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).  We discern no constitutional issue that would be appropriate for resolution in Mr. Herrera's appeal.

6                                    HERRERA v. MCDONOUGH

CONCLUSION

We have considered Mr. Herrera's remaining arguments and find them unpersuasive.  For the reasons stated, the appeal is dismissed, including for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.