NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT G. THORNTON,**

*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2025-1421

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-7749, Senior Judge Mary J. Schoelen.

---

Decided: September 8, 2025

---

ROBERT G. THORNTON, Twentynine Palms, CA, pro se.

SEAN KELLY GRIFFIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before PROST and CUNNINGHAM, *Circuit Judges*, and ANDREWS, *District Judge*.[1]

PER CURIAM.

Robert G. Thornton appeals an order of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") denying his motion for full court review. Because we lack jurisdiction over the issues Mr. Thornton raises on appeal, we dismiss.

## BACKGROUND

This case is Mr. Thornton's fifth appeal to us stemming from a claim he filed for service-connected disability benefits in 2007. Mr. Thornton's extensive history of pursuing his claim is detailed in our prior decision. *Thornton v. McDonough*, No. 22-1618, 2022 WL 9597569, at *1–2 (Fed. Cir. Oct. 17, 2022). Relevant here, this court dismissed, for lack of jurisdiction, Mr. Thornton's appeal of a December 21, 2021 decision of the Board of Veterans' Appeals ("Board"). We held that Mr. Thornton's arguments involved a challenge to the Board's factual findings that his earlier appeal to the Board was untimely. *Id.* at *2.

Our mandate in the prior appeal issued on December 14, 2022, with the Veterans Court's mandate following on March 8, 2023. Appx. 8.[2] Mr. Thornton petitioned for a writ of certiorari to the U.S. Supreme Court, which was denied. *Thornton v. McDonough*, 143 S. Ct. 1782 (2023). Mr. Thornton thereafter filed a motion with the Veterans Court to recall mandate and reinstate his appeal, and a motion to recuse a certain Veterans Court judge from

---

[1]    Honorable Richard G. Andrews, District Judge, United States District Court for the District of Delaware, sitting by designation.

[2]    "Appx." refers to the appendix filed by Mr. Thornton.

considering further proceedings. *Thornton v. McDonough*, No. 19-7749, 2024 WL 4589793, at *1 (Vet. App. Oct. 28, 2024).

After a series of rulings, the Veterans Court denied Mr. Thornton's motions to recall mandate and to disqualify the Veterans Court judge. *Id.* at *2–3. Mr. Thornton then filed a motion for full Veterans Court review. Appx. 11–12.

On December 11, 2024, the Veterans Court denied Mr. Thornton's motion for full court review, finding that Mr. Thornton had not shown that "such action is necessary to secure or maintain uniformity of the [Veterans] Court's decisions or to resolve a question of exceptional importance."    *Id.* (citing U.S. Vet. App. R. 35(c)). Mr. Thornton then timely appealed to this court.

## DISCUSSION

Our "jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have jurisdiction to "review . . . any challenge to the validity of any statute or regulation or any interpretation thereof" and to "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Absent a constitutional issue, however, we lack jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Mr. Thornton's appeal does not present any issue within the scope of our jurisdiction. Even under a liberal construction of his briefs, Mr. Thornton fails to show why the Veterans Court erred in its December 11, 2024 order denying full court review.

Mr. Thornton seems to argue that the Veterans Court's December 11, 2024 order "involve[d] the validity or interpretation of a statute or regulation" based on references to 38 U.S.C. § 7104(a) and the "Judge Made Rule of Law-

Presumption of Regularity." Appellant's Informal Br. 1. These appear to be arguments relevant to his prior appeal that present issues of fact over which we lack jurisdiction. In the prior appeal to this court, Mr. Thornton argued that the Board committed an error of law under 38 U.S.C. § 7104(a) "based on de novo fact finding" regarding the untimeliness of his submissions. SAppx. 174.[3] Mr. Thornton had also argued that he rebutted the presumption of regularity to establish the timeliness of his submissions. SAppx. 153–163. We held that Mr. Thornton's prior appeal raised only issues involving "a challenge to the fact finding that Mr. Thornton's appeal was untimely," which we lacked jurisdiction to review. *Thornton*, 2022 WL 9597569, at *2.

Moreover, none of Mr. Thornton's arguments concern the Veterans Court's decision to deny Mr. Thornton's motion for full court review. The Veterans Court's December 11, 2024 order did not address or otherwise depend on any issue of validity or interpretation of any statute or regulation, much less those invoked by Mr. Thornton. Rather, the Veterans Court's order involved a straightforward application of Rule 35 of the U.S. Court of Appeals for Veterans Claims to the facts in his case. Appx. 11–12. Mr. Thornton fails to raise a challenge to the Veterans Court's December 11, 2024 order that falls within our narrow appellate jurisdiction. 38 U.S.C. § 7292(a), (d)(2).

Mr. Thornton also appears to allege various constitutional violations, including violations of his due process rights. Appellant's Informal Br. 26. However, the denial of a request for full Veterans Court review does not itself violate due process. *See Arnesen v. Principi*, 300 F.3d 1353, 1360 (Fed. Cir. 2002). Mr. Thornton fails to identify any other instances or issues properly before us in these

---

[3]    "SAppx." refers to the supplemental appendix filed by the government.

proceedings that would have deprived him of due process. *Helfer v. West*, 174 F.3d 1332, 1355 (Fed. Cir. 1999) ("To the extent that [a veteran] has simply put a 'due process' label on his contention that he should have prevailed on his . . . claim, his claim is constitutional in name only.").

## CONCLUSION

We have considered Mr. Thornton's remaining arguments and find them unpersuasive. Mr. Thornton's appeal is dismissed for lack of jurisdiction.

## DISMISSED

## COSTS

No costs.