NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIE WILLIAMS,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1914

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-1493, Judge Joseph L. Falvey, Jr.

---

Decided: December 2, 2025

---

WILLIE WILLIAMS, Greenville, TX, pro se.

BRENDAN DAVID JORDAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before TARANTO, BRYSON, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Appellant Willie Williams seeks review of the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") that denied his challenge to a decision granting service connection for a disability only as of May 1998. We dismiss the appeal for lack of jurisdiction.

I

Mr. Williams served on active duty in the U.S. Army between June 1963 and October 1970. In November 2013, a regional office of the Department of Veterans Affairs ("VA") granted him service connection for a right ankle strain with degenerative joint disease. The regional office assigned him a 0% rating effective March 25, 2002, and a 10% rating effective May 10, 2004.

In March 2023, the Board of Veterans' Appeals altered his disability rating by granting him a right ankle disability rating of 20%, effective March 25, 2002. The Board at that time remanded the case to the regional office with instructions to prepare a Statement of the Case regarding whether Mr. Williams was entitled to an effective date earlier than March 25, 2002, for service connection for his right ankle disability.

On remand, the regional office denied an earlier effective date, and Mr. Williams appealed that decision to the Board. On August 2, 2023, the Board granted him an effective date of May 12, 1998, for his disability claim. App. 9.

Dissatisfied with that decision, Mr. Williams, proceeding pro se, appealed the Board's August 2, 2023, decision to the Veterans Court. In a single-judge decision, the Veterans Court affirmed the Board's decision. The court noted that although Mr. Williams seemed to be raising several

issues on appeal, the only issue before the court in the appeal from the Board's August 2, 2023, decision was whether the Board was correct in finding that there was no "communication from him to VA before May 1998 requesting service connection for a right ankle strain," and therefore Mr. Williams "ha[d] not met his burden of showing any error in the August 2023 Board decision on appeal." App. 4.

Mr. Williams filed a motion seeking reconsideration of the single-judge decision and in the alternative requesting a panel decision. App. 6. The motion for reconsideration by the single judge was denied, and the motion for a panel decision was granted. *Id.* The panel then determined that the single-judge memorandum decision had not "overlooked or misunderstood a fact or point of law prejudicial to the outcome of the appeal." *Id.* The court also ruled that there was not "any conflict with precedential decisions of the Court" and that the appeal did not "otherwise raise[] an issue warranting a precedential decision." *Id.* Concluding that Mr. Williams had not presented any argument warranting consideration by the panel, the court ruled that the single-judge decision would remain the decision of the court. *Id.* at 6–7. Mr. Williams sought review by the en banc Veterans Court, which was denied. App. 8.

Mr. Williams then filed an appeal with this court.

## II

The government argues that this court lacks jurisdiction over Mr. Williams's appeal. We agree.

By statute, this court has jurisdiction over appeals from a decision of the Veterans Court "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation (other than a refusal to review the schedule of ratings for disabilities adopted under section 1155 of [title 38]) or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a).

The statute adds that this court "shall have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision," 38 U.S.C. § 7292(c); that the court "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions," *id.*, § 7292(d)(1); and that except to the extent that an appeal presents a constitutional issue, the court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," *id.*, § 7292(d)(2).

In his opening and reply briefs, Mr. Williams alludes to a number of issues, none of which raise questions that fall within this court's jurisdiction.

## A

In his opening brief on appeal, Mr. Williams focuses on the Veterans Court's failure to grant en banc review of his claim, which he claims violated Rule 35(c) of the Rules of the Veterans Court. That rule provides as follows:

(c) Motion for Full Court Review. Motions for full Court review are not favored. Ordinarily they will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance. Subject to the requirements of subsections (d), (e), and (f), a party may move for a decision by the full Court—

(1) after a panel has decided a case, or

(2) after a panel has denied a motion for reconsideration or granted a motion for a decision by a panel but held that the single-judge decision remains the decision of the Court.

Rule 35(c), Rules of the Court of Appeals for Veterans Claims.

Mr. Williams's argument regarding the Veterans Court's denial of his request for en banc review presents a pure question of the application of law to fact and is therefore outside this court's jurisdiction. Although Mr. Williams asserts in passing that the failure to grant full court review of his claim constitutes "invidious discrimination" and denial of his "constitutional right to a fair hearing," Appellant's Opening Br. at 2–3, those claims are entirely undeveloped and are constitutional in name only. As such, they do not call on this court to "interpret[] constitutional . . . provisions," 38 U.S.C. § 7292(d)(1), and thus do not fall within the provisions of section 7292 that give this court jurisdiction over claims that require this court to interpret constitutional or statutory provisions, *see Arnesen v. Principi*, 300 F.3d 1353, 1360 (Fed. Cir. 2002) (the denial of a request for full Veterans Court review does not itself violate due process).

In *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007), this court explained that merely characterizing a claim as constitutional in nature does not confer upon this court jurisdiction that we otherwise lack. As the court stated, "[t]he appellant's argument . . . appears to be aimed at the merits of her claim and does not raise a separate constitutional issue. Therefore, this court has no jurisdiction to consider this issue." *Id.*; *see also Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (claim that is constitutional in name only does not confer jurisdiction on this court; the appellant's "characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack").

B

In his reply brief, Mr. Williams makes broader claims than in his opening brief. In addition to continuing to contend that the court erred by failing to grant en banc review,

Appellant's Reply Br. at 4–6, Mr. Williams appears to be challenging the Board's August 2, 2023, decision for failing to address other aspects of his overall challenge to the agency's failure to grant greater relief to him on his overall claim relating to his ankle disability, claims that were only hinted at in his opening brief. *See* Appellant's Opening Br. at 2.

As the Veterans Court explained, however, the only decision before it on appeal was the Board's August 2, 2023, decision that found (in Mr. Williams's favor) that May 12, 1998, was the effective date for his service-connection claim. App. 4. Accordingly, the new issues raised in Mr. Williams's reply brief are not properly before us because they were not raised in his opening brief. In any event, the new claims raised in his reply brief are not within the scope of his appeal. Those issues were not addressed by the Board (and thus were not addressed by the Veterans Court), because the remand proceeding that was before the Board in the proceeding leading to the Board's August 2, 2023, decision was limited to the effective date of service connection for Mr. Williams's claim.

The Veterans Court's decision did not turn on the validity of that court's interpretation of a rule of law or its interpretation of any statute or regulation. Instead, the court's decision turned at most on a challenge to a law or regulation as applied to the facts of a particular case. For that reason, this appeal does not fall within our jurisdiction to review decisions of the Veterans Court. The appeal therefore must be dismissed.

No costs.

**DISMISSED**