NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**MICHAEL W. HARLSTON, SR.,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS
AFFAIRS,**

*Respondent-Appellee.*

---

2011-7167

---

Appeal from the United States Court of Appeals for
Veterans Claims in Case No. 09-4379, Judge Ronald M.
Holdaway.

---

Decided: January 12, 2012

---

MICHAEL W. HARLSTON, SR., of St. Louis, Missouri, pro
se.

ELLEN M. LYNCH, Trial Attorney, Commercial Litiga-
tion Branch, Civil Division, United States Department of
Justice, of Washington, DC, for respondent-appellee.
With her on the brief were TONY WEST, Assistant Attor-

ney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and JONATHAN TAYLOR, Attorney, United States Department of Veteran Affairs, of Washington, DC.

———————————

Before RADER, *Chief Judge*, and LOURIE and LINN, *Circuit Judges.*

PER CURIAM.

Michael W. Harlston, Sr. ("Harlston") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed the decision of the Board of Veterans' Appeals ("the Board") denying entitlement to service connection for a back condition. *Harlston v. Shinseki*, No. 09-4379, 2011 WL 1534555 (Vet. App. Apr. 25, 2011). For the reasons indicated below, we dismiss for lack of jurisdiction.

BACKGROUND

Harlston, who served on active duty in the U.S. Army from March 1971 to March 1973, filed a claim at the Department of Veterans Affairs ("VA") in October 2003 seeking disability benefits for a back condition and a bilateral knee disorder. Along with his claims, Harlston submitted a statement from another service member (Gaskins) who served with Harlston in the Army. Gaskins' statement described the training exercises that he and Harlston underwent, including extended physical training, hand-to-hand combat, and extended marches carrying 40-pound backpacks. Gaskins also recalled a training incident in which Harlston fell from a steel cable

suspended over a water-filled pit and landed awkwardly on his back, sustaining injuries. Harlston also alleged that he suffered back and knee injuries while lifting heavy caskets as an honor guard for military burials. Medical records indicate that Harlston was seen for a "low backache" in both April and August of 1971.

The VA regional office ("RO") denied Harlston's claims in May 2004. Harlston appealed, and in August 2007, the Board remanded for the VA to provide a medical nexus opinion as to whether any diagnosed disability was related to Harlston's military service. In support of his appeal, Harlston submitted to the Board a statement from a second individual (Lee) who indicated that he served with Harlston in July 1971 and remembered Harlston being on numerous sick calls for stomach, back, and knee problems. In June 2009, a VA medical examiner assessed Harlston's physical condition and reviewed his service medical records and claims file. The examination revealed no evidence of any knee disorder, but the examiner diagnosed Harlston with a lumbar strain. In view of the examination and Harlston's medical records, however, the examiner concluded that the lumbar strain was "not related to the low backache for which the Veteran was seen in August of 1971 while in the military nor for which he was seen in April of 1971 while in the military." *Harlston*, 2011 WL 1534555 at *1. The Board thus denied Harlston's claims in September 2009, holding that he was not entitled to service connection for his back strain or the asserted knee disorder.

Harlston then appealed the Board's decision on his lumbar strain to the Veterans Court.[1] On appeal, Harl-

---

[1]    Harlston's appeal to the Veterans Court focused solely on the Board's denial of service connection for his

ston argued that the June 2009 examination was inadequate because the examiner failed to consider the "buddy statements" submitted by Gaskins and Lee on Harlston's behalf. The Veterans Court disagreed and noted that the examiner reviewed and considered Harlston's claims file, which included the buddy statements at the time of the June 2009 examination. *Harlston*, 2011 WL 1534555 at *2. The Veterans Court held that the examination was sufficient for rating purposes because the examiner reviewed Harlston's medical history, performed a physical examination, and explained his reasons for concluding that Harlston's current back condition was unrelated to his prior military service. *Id.* Because nothing in the record contradicted the presumption that the examiner considered all relevant evidence and competently performed his duties, the Veterans Court affirmed the Board's decision denying entitlement to service connection for Harlston's lumbar strain condition. *Id.* Harlston subsequently appealed to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is circumscribed by statute. Under 38 U.S.C. § 7292(a), a party may obtain review "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Under § 7292(d)(2), however, absent a constitutional issue we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

---

lumbar strain and abandoned the parallel claim for a knee condition. *Harlston*, 2011 WL 1534555 at *1.

In his informal brief, Harlston argues that the "VA did not give the veteran benefit of doubt," apparently referring to the benefit-of-the-doubt doctrine enunciated in 38 U.S.C. §5107(b). Section 5107(b) requires that "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." In finding that "the appellant does not point to anything in the record" to overcome the Board's determination denying service connection for his lumbar strain, *Harlston*, 2011 WL 1534555 at *2, neither the Board nor the Veterans Court discussed § 5107(b), which, by its terms, applies only when the evidence for and against the veteran's claim is in "approximate balance." By arguing that the Board should have applied § 5107(b), Harlston argues by implication that the evidence of record was in equipoise, contrary to the Board's explicit findings. This argument thus boils down to disagreement with the Board's factual determinations and its application of law to those facts, which lie beyond the scope of our jurisdiction under § 7292(d)(2). *See Ferguson v. Principi*, 273 F.3d 1072, 1075-76 (Fed. Cir. 2001). We are therefore precluded from considering these arguments.

Harlston's informal response brief consists of further fact-based arguments that we similarly lack jurisdiction to consider. Harlston also provides a lengthy recitation of the procedures applicable for filing an appeal before the Board paired with naked allegations that the VA committed unspecified "legal and procedural errors." We find these arguments too vague and conclusory to merit consideration.

For the foregoing reasons, we must dismiss Harlston's appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.