# United States Court of Appeals
# for the Federal Circuit

---

**OWEN M. BOZEMAN, JR.,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7020

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-1992, Judge William A. Moorman.

---

Decided: March 1, 2016

---

MATTHEW J. ILACQUA, Chisholm Chisholm & Kilpatrick, Providence, RI, argued for claimant-appellant. Also represented by ROBERT VINCENT CHISHOLM, ZACHARY STOLZ, NICHOLAS L. PHINNEY; CHRISTOPHER J. CLAY, Disabled American Veterans, Cold Spring, KY; BARBARA J. COOK, Cincinnati, OH.

MARTIN F. HOCKEY, JR., Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E.

KIRSCHMAN, JR.; Y. KEN LEE, MEGHAN ALPHONSO, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before LOURIE, SCHALL, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Owen M. Bozeman appeals from a final judgment of the United States Court of Appeals for Veterans Claims affirming a Board of Veterans' Appeals decision denying Mr. Bozeman entitlement to an earlier effective date. The Veterans Court invoked the doctrine of issue exhaustion and refused to consider Mr. Bozeman's argument that the Board failed to consider relevant evidence contained in the record. Because Mr. Bozeman's argument was not a new legal argument raised for the first time on appeal, the use of issue exhaustion was improper. Therefore, we vacate and remand.

I

Mr. Bozeman served on active duty in the United States Army from July 1967 until August 1970, including a one-year tour of duty in Vietnam. In January 1993, Mr. Bozeman filed a claim for disability benefits with the United States Department of Veterans Affairs (VA) after spending six weeks at a VA Medical Center for treatment related to substance abuse. In August 1993, the VA awarded Mr. Bozeman service-connected benefits for Post-Traumatic Stress Disorder (PTSD), rated as 10 percent disabling, effective January 5, 1993.

From 1998 to 2000, Mr. Bozeman's condition deteriorated, at least in part due to his PTSD. In 1998, Mr. Bozeman was awarded a 30 percent disability rating, which was increased to a 50 percent disability rating in 1999. In 2000, the VA denied Mr. Bozeman's claim for an increased rating.

Mr. Bozeman underwent a VA Compensation and Pension Examination (C&P Exam) in 2002. The examiner found that Mr. Bozeman's PTSD symptoms "were not reported as problematic or numerous, or severe." J.A. 63. Rather, the examiner diagnosed Mr. Bozeman with polysubstance abuse and opined that "his impairments are, at least currently or recently, due to polysubstance abuse." *Id.* Based on this examination, the Regional Office (RO) found Mr. Bozeman's PTSD unchanged and denied an increase in rating. Mr. Bozeman submitted a timely Notice of Disagreement (NOD) in March 2003.

Mr. Bozeman was hospitalized from February 2003 to March 2003, and again from April 2004 to May 2004, due to "suicidal and homicidal thoughts[,] . . . nightmares, social isolation, mistrust of others and sleep disturbances with severe depression." *Id.* at 79. In April 2004, the RO requested another C&P Exam, which was conducted in August 2005. The examiner concluded that Mr. Bozeman suffered from "chronic PTSD symptomatology off and on for the last 25 years"; that his "history of substance abuse may be a secondary way of coping with stress related to Vietnam"; and that he would have "difficulty . . . work[ing] in gainful employment, because of his PTSD symptoms as well as the underlying anger and hostility." *Id.* at 77.

In February 2006, Mr. Bozeman's disability rating for PTSD was increased to 70 percent, effective July 1, 2004. Mr. Bozeman appealed, seeking an earlier effective date. The RO issued a rating decision in August 2006, assigning a 70 percent rating for PTSD effective February 24, 2003, awarding a temporary 100 percent disability rating for the hospitalization from April 2004 to July 2004, assigning a 70 percent disability rating from July 2004, and awarding Mr. Bozeman entitlement to individual unemployability, effective February 24, 2003. Mr. Bozeman appealed, and in January 2012, the Board denied his claims for entitlement to a rating in excess of

50 percent prior to February 24, 2003, and entitlement to a rating in excess of 70 percent after February 24, 2003, but granted a disability rating of 100 percent, effective November 22, 2010.

Mr. Bozeman appealed to the Veterans Court, and in January 2013 the parties entered into a joint motion for remand (JMR) after agreeing that the Board failed to provide an adequate statement of its reasons and bases for its decision. The JMR instructed that "[o]n remand, Appellant is entitled to submit additional evidence and argument in support of his claim . . . and VA is obligated to conduct a critical examination of the justification for its decision." J.A. 105. On remand, Mr. Bozeman's representative submitted a brief on his behalf reiterating the terms of the JMR and asking the Board, "based upon the previously advanced arguments, and cumulative weight of the evidence[,]" to comply with the Veterans Court's order "and for further action consistent with the discussion contained in the [JMR]." *Id*. at 5.

In May 2013, the Board again denied entitlement to a rating in excess of 50 percent for PTSD prior to February 24, 2003, finding that "[t]he most competent and credible evidence of record indicates that [Mr. Bozeman's] service-connected PTSD was not producing or nearly approximating occupational and social impairment with deficiencies in most areas, or total occupational and social impairment prior to February 24, 2003." *Id*. at 120.

Mr. Bozeman again appealed to the Veterans Court, arguing that the Board failed to address relevant, material evidence contained in the 2005 examination report—i.e., that Mr. Bozeman's history of substance abuse may be a way of coping with his PTSD—which contradicts the 2002 examination report relied upon by the Board in its decision. The Veterans Court, after finding that the JMR did not limit the scope of the Board's review on remand, invoked the doctrine of issue exhaustion because

Mr. Bozeman failed to raise this argument on the previous appeal, in connection with the JMR, or before the Board on remand. Specifically, the court concluded that the "VA's interest in having a fair and full opportunity to consider all theories relevant to Mr. Bozeman's appeal outweighs his interest in having his argument heard for the first time on appeal," therefore, "the interest of judicial efficiency weighs in favor of invoking the exhaustion doctrine in this matter." J.A. 7. On October 29, 2014, the Veterans Court denied Mr. Bozeman's motion for single judge reconsideration, and entered judgment.

Mr. Bozeman appeals. We have jurisdiction under 38 U.S.C. § 7292(a), (c).

## II

We may set aside a Veterans Court decision only when it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.* at § 7292(d)(1)(A).

As we explained in *Maggitt v. West*, when Congress has not mandated the exhaustion of administrative remedies, exhaustion is generally a matter of judicial discretion. 202 F.3d 1370, 1377 (Fed. Cir. 2000). Thus, the Veterans Court may hear arguments raised for the first time, but "it is not compelled to do so in every instance." *Id.* Because the decision to invoke the doctrine of issue exhaustion is a discretionary one, its application is largely a matter of application of law to fact, a question over which we lack jurisdiction. *Cook v. Principi*, 353 F.3d 937, 939 (Fed. Cir. 2003) ("This court is limited by its jurisdictional statute and, absent a constitutional issue, may not review challenges to factual determinations or challenges to the application of a law or regulation to facts."). But to the extent that the issue raised involves solely a legal interpretation, we possess jurisdiction.

In *Scott v. McDonald*, we outlined the three scenarios in which the invocation of issue exhaustion is appropriate: (1) the veteran, on an appeal from the RO to the Board, fails to identify errors made by the RO either by stating that all issues in the statements of the case are being appealed or by specifically identifying the issues being appealed; (2) the veteran raises an argument for the first time on appeal to the Veterans Court and the Veterans Court determines that the VA's institutional interests outweigh the interests of the veteran under the balancing test set forth in *Maggitt*; and (3) the veteran raises an argument for the first time on appeal to this court and we do not consider it because we lack jurisdiction to hear arguments that have not been addressed by or presented to the Veterans Court. 789 F.3d 1375, 1378–80 (Fed. Cir. 2015). We affirmed the Veterans Court's invocation of issue exhaustion under the second scenario. *Id.* at 1381.

Here, the Veterans Court found that Mr. Bozeman raised an argument for the first time on appeal and thus invoked issue exhaustion under the second scenario outlined above. However, we conclude that the Veterans Court has erroneously expanded the legal definition of issue exhaustion to apply to a claimant's citation of additional record evidence in support of his previously raised claim for an earlier effective date. There is no dispute that Mr. Bozeman sufficiently preserved his claim of entitlement to an earlier effective date for his PTSD claim. The mere citation of evidence already contained in the record to further support that claim is not a new legal argument for purposes of issue exhaustion. Thus, the Court's decision to invoke issue exhaustion rested on an erroneous legal interpretation of the doctrine.

Mr. Bozeman continuously argued that, based on the record, he was entitled to an earlier effective date. That he did not specifically cite the 2005 examination report until the second appeal does not transform his earlier effective date claim into a new legal argument. This is

particularly true because the joint motion for remand did not limit the Board's review on remand but specifically instructed the Board to "conduct a critical examination of the justification for its decision." J.A. 105. And, on remand, Mr. Bozeman requested that the Board consider the "cumulative weight of the evidence." *Id*. at 5. Consequently, an argument that the Board failed to consider evidence contained in the record, which supports a veteran's established legal claim, should not be considered a new legal argument raised for the first time on appeal.[1]

Of course, just because an argument is based on evidence already in the record does not mean that it can never be subject to the doctrine of issue exhaustion. A new legal argument raised for the first time on appeal, even if based on already established evidence, can be subject to the issue exhaustion requirement. That is largely a decision for the Veterans Court. Here, however, we narrowly conclude that issue exhaustion cannot be invoked to bar citation of record evidence in support of a legal argument that has been properly preserved for appeal.

Accordingly, we vacate the decision of the Veterans Court and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

---

[1]   We offer no opinion as to whether or not the Board did, in fact, fail to consider relevant evidence contained in the record.