NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**REBECCA A. GREGORY,**

*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

_____

2017-1262

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-1701, Judge Bruce E. Kasold.

_____

Decided: April 11, 2017

_____

REBECCA A. GREGORY, Taizewell, TN, pro se.

SHARI A. ROSE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR., JOYCE R. BRANDA; BRANDON A. JONAS, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK, MOORE, and REYNA, *Circuit Judges.*

PER CURIAM.

Rebecca A. Gregory appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court"). Ms. Gregory argues that the Veterans Court and the Board of Veterans' Appeals ("Board") erred by not applying 38 C.F.R. § 3.102, which requires the Department of Veterans Affairs ("VA") to give a claimant the benefit of the doubt when there is "an approximate balance of positive and negative evidence." Because this argument is effectively a disagreement with the Board's factual determinations, we *dismiss* for lack of jurisdiction.

## BACKGROUND

Ms. Gregory survives her spouse, Randall Gregory, a veteran who served on active duty from 1969 to 1971. Mr. Gregory had two service-connected disabilities: (1) a lumbar spine disability; and (2) a nondisplaced fracture of his right great toe. Mr. Gregory died on September 20, 2008, with his cause of death reported as ventricular fibrillation.

Ms. Gregory sought service connection for Mr. Gregory's death, arguing that it was connected to his lumbar spine disability or the medication used to treat that disability caused the ventricular fibrillation. VA denied Ms. Gregory's claim. The Board affirmed, since multiple medical opinions concluded that Mr. Gregory's medical records did not support a finding of hypertension during service or within one year of service (although the veteran developed hypertension at a later time) and the record evidence did not show that a service-connected disability caused or contributed to Mr. Gregory's death. The Board also found that some of the evidence Ms. Gregory submitted in support of her claim was contradicted by objective

evidence in the record, including by Mr. Gregory's medical records.

The Veterans Court affirmed. Neither the Board nor the Veterans Court suggested that the evidence was in equipoise, a situation that would invoke 38 C.F.R. § 3.102. Ms. Gregory now appeals.

## DISCUSSION

We have "jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Absent a constitutional issue, we "may not review . . . a challenge to a factual determination, or . . . a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Ms. Gregory asks this court to "enforce the C.F.R.," apparently referring to 38 C.F.R. § 3.102, and argues that the Board and the Veterans Court erred by not applying that provision. Section 3.102 requires VA to favor the claimant when there is "reasonable doubt"—*i.e.*, there is "an approximate balance of positive and negative evidence which does not satisfactorily prove or disprove the claim." *Id.* Likewise, 38 U.S.C. § 5107(b) requires that "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant."

Ms. Gregory did not ask the Board or the Veterans Court to apply 38 C.F.R. § 3.102. Here, the Board found that the evidence was not in equipoise, and the Veterans Court affirmed. By asserting that the Board and the Veterans Court erred by not applying 38 C.F.R. § 3.102, Ms. Gregory "argues by implication that the evidence of record was in equipoise, contrary to the Board's explicit

findings. This argument thus boils down to disagreement with the Board's factual determinations and its application of law to those facts, which lie beyond the scope of our jurisdiction . . . ." *Harlston v. Shinseki*, 455 F. App'x 992, 994 (Fed. Cir. 2012). Accordingly, we lack jurisdiction to consider Ms. Gregory's argument on appeal.

## **DISMISSED**

### COSTS

No costs.