NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID L. RANDLE,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1674

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-5075, Judge Michael P. Allen.

---

Decided: July 11, 2019

---

DAVID L. RANDLE, Cheektowaga, NY, pro se.

RICHARD PAUL SCHROEDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; CHRISTINA LYNN GREGG, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* NEWMAN and WALLACH,
*Circuit Judges.*

PER CURIAM.

Appellant David L. Randle appeals a decision from the
U.S. Court of Appeals for Veterans Claims ("Veterans
Court"), which affirmed the Board of Veterans' Appeals
("Board") decision to dismiss his appeal of a benefits deci-
sion as untimely. *Randle v. Wilkie*, No. 17-5075, 2019 WL
347380, at *2 (Vet. App. Jan. 29, 2019); *see also* Appellee's
App. 1 (Final Judgment).  Because we lack jurisdiction, we
dismiss.

BACKGROUND[1]

Mr. Randle is a veteran who served in the U.S. Army
for over a decade. *Randle*, 2019 WL 347380, at *1.  In 2010,
Mr. Randle submitted various applications for benefits to a
U.S. Department of Veterans Affairs ("VA") regional office.
*Id.*  In January 2012, the VA regional office issued an ad-
verse decision denying Mr. Randle's benefits claims.  *Id.*
Mr. Randle disagreed with the decision, and, in July 2015,
the Board remanded the case to the VA regional office for
the latter's failure to issue a statement of the case ("SOC").
*Id.*[2]  On December 8, 2015, the VA regional office issued

---

[1]    Unless otherwise noted, we refer to the relevant
and undisputed facts of the case found by the Veterans
Court in *Randle*.  *See* 2019 WL 347380, at *1.  *See generally*
Appellant's Br., Appellee's Br.

[2]    By statute, an SOC is provided by the VA where an
unresolved disagreement exists between a veteran and the
VA regional office regarding an agency determination;
prior to its issuance, the veteran must file a notice of disa-
greement regarding an agency decision and the agency
must "take such development or review action as it deems
proper" to resolve the disagreement.    38 U.S.C.

the SOC. *Id.* On February 17, 2016, Mr. Randle filed his appeal with the Board. *Id.*

The Board dismissed the appeal as untimely. *Id.* In doing so, the Board found that the VA regional office had issued its adverse decision on January 25, 2012 and its notice of the SOC on December 8, 2015. Appellee's App. 11 (Board Order). The Board determined that Mr. Randle's appeal was filed in excess of the sixty-day deadline set for filing an appeal following the notice of the SOC, 38 U.S.C. § 7105(d)(3) (2012),[3] and after the one-year timeframe for filing an appeal following the issuance of an agency decision, *id.* § 7105(b)(1),[4] and dismissed the case. *Randle,* 2019 WL 347380, at *1; *see* 38 C.F.R. § 20.302(b) (2016). Mr. Randle timely appealed the Board's dismissal to the Veterans Court, which affirmed the Board's decision. *Randle,* 2019 WL 347380, at *2. The Veterans Court concluded that the Board "correctly identified th[e] legal rule" regarding appeal timeliness, where an "[a]ppeal must be submitted either within [sixty] days from the mailing of an SOC or within the remainder of the [one]-year period" following an agency decision. *Id.* at *2. The Veterans Court determined that the Board properly found that Mr. Randle did not file his appeal within sixty days of the VA regional

§ 7105(d)(1). If no resolution is agreed upon by the veteran and the agency, the agency prepares the SOC. *Id.* An SOC must include a summary of the case's "pertinent" evidence and laws, and a "decision on each issue and a summary of the reasons for such a decision." *Id.* § 7105(d)(1)(A)–(C).

[3] The sixty-day deadline following the December 8, 2015 SOC notice fell on February 6, 2016.

[4] The one-year deadline following the January 25, 2012 VA regional office decision ran on January 24, 2013.

office's notice of the SOC or within one year of the 2012 rating decision. *Id.*[5]

DISCUSSION

I. Standard of Review and Legal Standard

"The jurisdiction of this court to review decisions of the Veterans Court is limited by statute." *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017). We may review a Veterans Court decision "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a) (2012). "Except to the extent an appeal . . . presents a constitutional issue," we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). Generally, we interpret the pleadings of a pro se plaintiff liberally. *See Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005).

To initiate an appeal from a VA regional office's decision, a veteran must first file a notice of disagreement and subsequently file a "substantive appeal after a[n] [SOC] is furnished." 38 U.S.C. § 7105(a). The "notice of

---

[5]    While the Veterans Court concluded that Mr. Randle "had not filed his Substantive Appeal by February 17, 2016," *id.* at *2, the Veterans Court noted elsewhere that Mr. Randle's appeal was filed *on* February 17, 2016, *id.* at *1. *See* Appellee's App. 11 (Board Order) (finding that Mr. Randle's "appeal was not received until February 17, 2016"). Accordingly, the Veteran Court's reference to failure to file "by February 17, 2016" is likely a typographical error. As noted above, *see supra* n.3, the December 8, 2015 SOC notice deadline fell on February 6, 2016; the Veterans Court likely meant that the appeal was not filed by February 6, 2016.

disagreement shall be filed within one year from the date of mailing of" the decision. *Id.* § 7105(b)(1). Where the notice of disagreement is timely filed, the "agency will take such development or review action as it deems proper under the provisions of regulations," and, "[i]f such action does not resolve the disagreement," the "agency shall prepare a[n] [SOC]." *Id.* § 7105(d)(1). The SOC "will be submitted to the" veteran and the veteran "will be afforded a period of sixty days from the date the [SOC] is mailed to file the formal appeal," which "set[s] out specific allegations of error of fact or law" and "clearly identifie[s]" "[t]he benefits sought." *Id.* § 7105(d)(3). Unless an application for appeal "conform[s]" with the statutory requirements, it "shall not be entertained." *Id.* § 7108.

## II. We Lack Jurisdiction over Mr. Randle's Appeal

The Veterans Court concluded that the Board properly determined that Mr. Randle's substantive appeal was untimely because it was filed after the expiration of the filing deadline. *Randle*, 2019 WL 347380, at *2. Mr. Randle contends that "Due Process of the law has been violated" and that "[c]lear and unmistakable errors" occurred in the prior decision. Appellant's Br. 1. We disagree with Mr. Randle.

We lack jurisdiction to review Mr. Randle's claims. Mr. Randle neither challenges any particular aspect of the Veterans Court's decision based on a rule of law or the validity of any statute or regulation, nor raises any legitimate constitutional challenge. *See generally* Appellant's Br. Instead, the Veterans Court affirmed the Board's dismissal of the appeal as untimely and therefore not in conformity with the law. *See Randle*, 2019 WL 347380, at *2; *see also* 38 U.S.C. § 7108. Because the Veterans Court affirmed the dismissal of the appeal based on an application of law to fact, i.e., Mr. Randle's failure to file an appeal within the statutory filing deadline, and Mr. Randle does not appear to raise a non-frivolous legal challenge to the Veterans Court's legal determinations, we lack jurisdiction. *See*

*Bozeman v. McDonald*, 814 F.3d 1354, 1357 (Fed. Cir. 2016) (explaining that the Veterans Court's "application of law to fact" is "a question over which we lack jurisdiction") (citation omitted).

Instead, Mr. Randle contends that his due process rights were violated. Appellant's Br. 1. While due process attaches to the disposition of veterans' benefits, *see Cushman v. Shinseki*, 576 F.3d 1290, 1297–98 (Fed. Cir. 2009) ("We conclude that such entitlement to [veteran] benefits is a property interest protected by the Due Process Clause of the Fifth Amendment of the United States Constitution."), nothing shows that Mr. Randle was deprived of adequate process and a fair hearing. Mr. Randle himself fails to identify, either before us or the Veterans Court, any instance or issue that would have deprived him of due process or that indicated clear error. *See generally* Appellant's Br; *see also Helfer v. West*, 174 F.3d 1332, 1355 (Fed. Cir. 1999) ("To the extent that [a veteran] has simply put a 'due process' label on his contention that he should have prevailed on his . . . claim, his claim is constitutional in name only."). While there was a seemingly prolonged period between the rating decision issuing in January 2012 and the SOC mailing on December 8, 2015, the Veterans Court identified the correct timeliness rule. *Randle*, 2019 WL 347380, at \*2. "We do not have authority to review" Mr. Randle's challenge to "the application of law to particular facts." *Arnesen v. Principi*, 300 F.3d 1353, 1357 (Fed. Cir. 2002). Accordingly, the appeal fails to raise a non-frivolous constitutional issue that would provide us the grounds to exercise jurisdiction.

CONCLUSION

We have considered Mr. Randle's remaining arguments and find them unpersuasive. Accordingly, the appeal from Final Judgment of the U.S. Court of Appeals for Veterans Claims is

**DISMISSED**

## Costs

No costs.