NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID A. SILVIA,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1097

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-2625, Judge Joseph L. Toth.

---

Decided:  May 8, 2020

---

DAVID A. SILVIA, Woonsocket, RI, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; CHRISTOPHER O. ADELOYE, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before CHEN, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

David A. Silvia appeals a decision from the U.S. Court of Appeals for Veterans Claims (Veterans Court), affirming the decision of the Board of Veterans' Appeals (Board) denying Mr. Silvia entitlement to a total disability evaluation based on individual unemployability (TDIU) on an extraschedular basis due to loss of vision in his left eye as a result of cataract surgery. We lack jurisdiction over part of Mr. Silvia's appeal because neither the Board nor the Veterans Court addressed the merits of Mr. Silvia's Vocational Rehabilitation and Employment (VRE) claim, which remains pending before the agency of original jurisdiction. Additionally, even though Mr. Silvia could no longer work in his preferred position, we agree with the Veterans Court that, under the law, Mr. Silvia needed to prove he was unable to secure substantially gainful employment to be entitled to TDIU compensation on an extraschedular basis. Thus, we *dismiss-in-part* and *affirm-in-part* .

## BACKGROUND

Mr. Silvia served in the U.S. Coast Guard from 1973 to 1986. In January 1998, Mr. Silvia underwent cataract surgery at a Department of Veterans Affairs (VA) medical center that resulted in a detached retina in his left eye. About ten years after his surgery, Mr. Silvia filed for compensation due to loss of vision in his left eye as a result of the detached retina, which the VA regional office (RO) granted.

Mr. Silvia subsequently sought entitlement to TDIU based on his detached retina condition. For a veteran to be eligible for a TDIU rating, the veteran's unemployability must be due to either a single service-connected disability rating of at least 60% or multiple disabilities yielding a combined rating of 70% or more. These percentages are set aside in cases for extraschedular consideration where the

veteran has been rendered unemployable. The RO denied Mr. Silvia's TDIU claim on an extraschedular basis because the record evidence did not show he was unemployable due to the detached retina.

Mr. Silvia timely appealed the RO's decision to the Board. In July 2017, the Board denied Mr. Silvia's TDIU claim, finding that although his condition prevented him from working in his preferred role as a commercial truck driver, there was no evidence that his detached retina prevented him from engaging in sedentary work or pursuing substantially gainful employment. Mr. Silvia appealed to the Veterans Court. On September 19, 2019, the Veterans Court affirmed the decision of the Board. Mr. Silvia then timely appealed to this court.

## DISCUSSION

Our jurisdiction to review a decision of the Veterans Court is limited by statute. *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017). We have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Our jurisdiction does not extend to challenges either to factual determinations or to the application of the law to the facts of a particular case. 38 U.S.C. § 7292(d)(2); *see Bozeman v. McDonald*, 814 F.3d 1354, 1357 (Fed. Cir. 2016) (explaining that the Veterans Court's "application of law to fact" is "a question over which we lack jurisdiction"). We interpret the pleadings of a pro se plaintiff liberally. *See Durr v. Nicholson*, 400 F.3d 1375, 2380 (Fed. Cir. 2005).

Mr. Silvia argues that the VA should have but failed to provide him with appropriate rehabilitation and employment training, given his detached retina. Appellant's Br. at 1. Mr. Silvia would be provided with this type of assistance under the VRE program. *See generally* 38 U.S.C.

§ 3100; 38 C.F.R. § 21.70.  The Board referred Mr. Silvia's VRE claim to the agency of original jurisdiction (AOJ), because the AOJ had not previously rendered a decision as to the VRE claim and therefore the matter was not ready for Board review.  S.A. 28; *see also* 38 C.F.R. § 19.9(b) ("The Board shall refer to the [AOJ] for appropriate consideration and handling in the first instance all claims reasonably raised by the record that have not been initially adjudicated by the [AOJ], except for claims over which the Board has original jurisdiction.").  Because neither the Board nor Veterans Court addressed the VRE issue, which we understand remains pending before the AOJ, we lack jurisdiction over the matter.  *See Jackson v. Wilkie*, 732 F. App'x 872, 875 (Fed. Cir. 2018) ("We lack jurisdiction over [the veteran's] VRE claims that were not before the Veterans Court or decided by the Board.").

Mr. Silvia also argues that there was evidence in the record that the Board never considered.  Appellant's Br. at 1.  But Mr. Silvia does not specify which evidence the Board failed to consider.  Although this court generally interprets the arguments of a pro se appellant liberally, this particular argument is simply too undeveloped for us to consider.  *See Harlston v. Shinseki*, 455 F. App'x 992, 994 (Fed. Cir. 2012); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).  Furthermore, we "presume that a fact finder reviews all the evidence presented unless he explicitly expresses otherwise." *Medtronic Inc. v. Daig Corp.*, 789 F.2d 903, 906 (Fed. Cir. 1986).

To the extent Mr. Silvia is arguing that the Board inappropriately credited or weighed the evidence, those are factual issues over which this court lacks jurisdiction.  *King v. Shinseki*, 700 F.3d 1339, 1346 (Fed. Cir. 2012) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder.") (internal quotations and citation omitted).

To the extent Mr. Silvia is claiming the Veterans Court misinterpreted 38 C.F.R. § 4.16(b), we disagree. Under that regulation, a claim for TDIU compensation on an extraschedular basis requires Mr. Silvia to demonstrate that his injury precludes him from securing substantially gainful employment. 38 C.F.R. § 4.16(b); *Cushman v. Shinseki*, 576 F.3d 1290, 1301 (Fed. Cir. 2009). Whether the veteran can work in his or her preferred or current position is not the standard. *Smith v. Shinseki,* 647 F.3d 1380, 1382-83 (Fed. Cir. 2011) (affirming a decision of the Board noting that although the veteran could no longer be employed as a laborer, he was still capable of substantially gainful employment that involved sedentary employment or light manual labor). Additionally, "[t]he DVA may find that a veteran is physically capable of substantially gainful employment even if he is not currently engaged in such employment." *Cushman*, 576 F.3d at 1302. Therefore, the Veterans Court did not err in affirming the Board's decision, even though Mr. Silvia is unable to work as a truck driver.

## CONCLUSION

We have considered Mr. Silvia's remaining arguments and find them unpersuasive. Accordingly, the appeal from the final judgment of the Veterans Court is

## AFFIRMED-IN-PART AND DISMISSED-IN-PART

### COSTS

No costs.