NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LYNN E. COLEMAN,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1882

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-0312, Judge Coral Wong Pietsch.

---

Decided: November 23, 2020

---

LYNN E. COLEMAN, Houston, TX, pro se.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.

---

Before O'MALLEY, REYNA, and HUGHES, *Circuit Judges.*

PER CURIAM.

Lynn E. Coleman, the widow of veteran Edward C. Brass, appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a Board of Veterans' Appeals ("Board") decision denying her request for dependency and indemnity compensation benefits. *See Coleman v. Wilkie*, No. 19-0312, 2020 WL 1237406 (Vet. App. Mar. 16, 2020). Because we lack jurisdiction over this appeal, we *dismiss*.

## I. BACKGROUND

Edward C. Brass actively served in the U.S. Navy from September 1970 to December 1972. Brass died on August 24, 2002. His death certificate listed respiratory arrest due to end stage cirrhosis as the immediate cause of death. It is undisputed that, at the time of his death, Brass had hepatitis C, among other illnesses. It is also undisputed that, over time, hepatitis C can be a contributing cause of cirrhosis.

Ms. Coleman filed a request for dependency and indemnity compensation ("DIC") in December 2010. The Veterans Administration ("VA") denied Ms. Coleman's DIC claim, finding that no evidence connected Brass's death with his military service. Ms. Coleman filed a Notice of Disagreement, contending that Brass contracted hepatitis C during his service in Vietnam, which then contributed to his death. Ms. Coleman submitted a private medical opinion from Dr. Donald Hearn in 2011 ("2011 opinion"). The 2011 opinion stated that, because Brass was diagnosed with hepatitis C at the time of his discharge, it was likely that his hepatitis C later contributed to the development of Brass's cirrhosis. In 2014, the VA's medical examiner, Ms. Deborah Todd, considered the 2011 opinion in the context of undertaking her own medical examination, and concluded that Brass's hepatitis C and cirrhosis were not

service-related but were more likely than not the result of Brass's post-service alcohol and intravenous drug use ("2014 opinion").

In the 2014 opinion, Todd considered Ms. Coleman's claim that Brass's hepatitis C was either incurred in connection with or caused by syphilis and gonococcal urethritis that Brass contracted, and for which he was treated, while in service. Todd concluded that it was less likely than not that Brass contracted hepatitis C while in service. Todd noted that "the infectious organisms causing" the sexually transmitted diseases Brass contracted are unrelated to the hepatitis C virus and that it was at least as likely as not that Brass's post-service intravenous drug and alcohol use led to his exposure to and development of hepatitis C. Todd also stated both that there was no evidence in Brass's medical record of a hepatitis C diagnosis during service and that the test to detect hepatitis C was not developed until long after his service ended. Based on these records, the Board denied Ms. Coleman DIC benefits, finding that the evidence weighed against Brass's death being service-connected.

Ms. Coleman appealed to the Veterans Court. On appeal, the parties agreed to a joint motion to remand ("JMR") because Todd's 2014 opinion did not address certain in-service risk factors for contracting hepatitis B and C that Ms. Coleman asserted Brass faced. Specifically, Todd did not address the higher than average occurrence of hepatitis among Vietnam veterans generally, Brass's handling of dead bodies while in service, and his inoculations by jet gun. The Board ordered Todd to provide an addendum to her 2014 opinion (the "2018 addendum opinion") addressing those risk factors. Todd's 2018 addendum opinion also addressed an in-service medical record from 1972, which documented the fact that Brass had sought medical treatment for upset stomach, nasal congestion, weakness, achiness, and fatigue.

Todd concluded in the 2018 addendum opinion that the 1972 record was inconclusive because the diagnosis in the records was illegible and the symptoms identified were general and non-specific; they could be indicative of any number of illnesses. And Todd noted that Brass's discharge record "revealed a normal abdominal exam, no evidence of jaundice or other findings suggestive of hepatitis." Todd then concluded that it is less likely than not that any of the identified risk factors caused Brass's hepatitis C and resulting cirrhosis. Specifically, Todd cited to studies finding no connection between the handling of dead bodies in combat and incidences of hepatitis C, to medical records indicating that Brass received standard inoculations and was not inoculated by jet gun, and that the studies describing higher incidences of hepatitis C in Vietnam Era veterans found that the incidences were usually found in conjunction with other risk factors, such as intravenous drug use and incarceration for over 48 hours—risk factors to which Brass was not exposed until after his separation from service. On December 13, 2018, the Board again denied service-connection for Brass's death, finding that the evidence did not support an in-service finding.

Ms. Coleman appealed the Board's 2018 decision to the Veterans Court. Ms. Coleman argued that the Board's decision was inadequate because it: (a) did not consider the 2011 opinion; (b) improperly assessed Brass's credibility; and (c) did not address the 1972 record. Ms. Coleman additionally argued that the Board failed to comply with the terms of the JMR because its 2018 decision did not address the adequacy of Todd's 2014 opinion. On March 16, 2020, the Veterans Court affirmed the Board's 2018 decision, reasoning that the Board had in fact considered the 2011 opinion, did not make improper credibility determinations, had expressly addressed the 1972 records, had substantial evidence for its findings, and had complied with the terms of the JMR. In sum, the court found that all of the errors to which Ms. Coleman pointed were not reflected in the

record. Ms. Coleman timely appealed to this Court on May 21, 2020.

## II. DISCUSSION

Ms. Coleman asks us to "make a determination that Brass'[s] death was service[-]connected." And, although she answered "no" to the question of whether the Veterans Court's decision involved the validity or interpretation of a statute or regulation, Ms. Coleman additionally argues that the Veterans Court misinterpreted 38 C.F.R. § 3.102 by failing to provide Brass with the benefit of the doubt. As we explain below, both of these issues are outside our jurisdiction.

Our jurisdiction to hear appeals from the Veterans Court is limited. Under 38 U.S.C. § 7292(c), we may only review "challenge[s] to the validity of any statute or regulation or any interpretation thereof." And, unless the appeal involves a constitutional issue, we cannot review the Veterans Court's factual determinations or application of a law or regulation to the facts of a specific case. *See* 38 U.S.C. § 7292(d)(2). We have consistently applied 38 U.S.C. § 7292(d)(2) to preclude review of facts and the application of law to facts. *See, e.g.*, *Conway v. Principi*, 353 F.3d 1369, 1372–1373 (Fed. Cir. 2004).

Ms. Coleman first asks us to review the Board's factual finding that Brass's death was not service-connected. Ms. Coleman's argument on this point revisits many of the factual issues that the Veterans Court already addressed, such as the 2011 opinion, the 1972 records, and the adequacy of the 2018 addendum opinion. Because, as reflected in the above recitation of the record, the issue of whether Brass's death was service-connected is highly factual in nature, § 7292 does not grant us jurisdiction to review it.

Ms. Coleman also argues that the Board erred by failing to give her the "benefit of the doubt" in its decision-making. The "benefit of the doubt" doctrine requires the

VA to favor the claimant "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter." 38 U.S.C. § 5107(b); *see also* 38 C.F.R. § 3.102 (giving veterans the benefit of the doubt when there is "an approximate balance of positive and negative evidence which does not satisfactorily prove or disprove a claim"). This doctrine does not apply where "the Board determines that the preponderance of the evidence weighs against the veteran's claim or when the evidence is not in equipoise." *Fagan v. Shinseki*, 573 F.3d 1282, 1287 (Fed. Cir. 2009) (internal quotation marks and citation omitted). Neither the Board nor the Veterans Court described the evidence as "in equipoise"; both continually referred to the more likely than not or less likely than not preponderance standards.

According to Ms. Coleman, the Board should have given her the "benefit of the doubt" when determining whether Brass's death was service-connected. By asserting that the Board and the Veterans Court erred by not applying 38 C.F.R. § 3.102, Ms. Coleman "argues by implication that the evidence of record was in equipoise, contrary to the Board's explicit findings. This argument thus boils down to disagreement with the Board's factual determinations and its application of law to those facts, which lie beyond the scope of our jurisdiction." *Harlston v. Shinseki*, 455 F. App'x 992, 994 (Fed. Cir. 2012) (citation omitted). We therefore lack jurisdiction under 38 U.S.C. § 7292 to consider Ms. Coleman's "benefit of the doubt" argument.

### III. CONCLUSION

For the reasons discussed above, we lack jurisdiction to review the Veterans Court's decision under 38 U.S.C. § 7292. We therefore *dismiss* Ms. Coleman's appeal.

**DISMISSED**

#### COSTS

No costs.