NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN F. BROOKS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1062

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-2149, Judge Coral Wong Pietsch.

---

Decided: March 22, 2023

---

JOHN F. BROOKS, Tacoma, WA, pro se.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

––––––––––––––

Before CHEN, MAYER, and HUGHES, *Circuit Judges*.

PER CURIAM.

John F. Brooks appeals an order of the United States Court of Appeals for Veterans Claims (Veterans Court) denying-in-part and dismissing-in-part his petition for a writ of mandamus. *Brooks v. McDonough*, No. 22-2149, 2022 WL 3224506, at *6 (Vet. App. Aug. 10, 2022) (*Veterans Court Decision*). We *affirm* the Veterans Court's decision as to the writ of mandamus and *dismiss* the parts of the appeal over which we do not have jurisdiction.

BACKGROUND

Mr. Brooks served in the United States Army from February 1966 to May 1971. SAppx. 27.[1] In August 2018, Mr. Brooks submitted a claim alleging clear and unmistakable error (CUE) in a June 1972 rating decision that granted service connection for a thigh muscle injury and a skin condition. SAppx. 165–166. On June 19, 2020, the regional office (RO) denied both CUE claims, SAppx. 78–83, and Mr. Brooks filed a notice of disagreement (NOD) and appealed to the Board of Veterans' Appeals (Board), SAppx. 71.

On January 25, 2022, the Board found CUE with respect to Mr. Brooks's skin condition claim and remanded the issue of CUE with respect to the thigh muscle claim. SAppx. 40. As to the thigh muscle claim, the Board explained that it could not determine whether a CUE as to the original rating occurred because the June 1972 rating decision relied on an x-ray report, and the photocopy of that report in the claims file was almost completely illegible. SAppx. 47. The Board thus ordered the Department of

––––––––––––––

[1]    "SAppx." citations herein refer to the appendix filed concurrently with Respondent's brief.

Veterans Affairs (VA) to "make all reasonable efforts to locate and associate with the claims file th[e] full x-ray image report." *Id.*

On April 11, 2022, Mr. Brooks filed a petition for a writ of mandamus with the Veterans Court regarding his thigh muscle claim. *Veterans Court Decision*, 2022 WL 3224506, at \*1. Mr. Brooks asked the Veterans Court to: (1) compel the Board to issue a decision on his August 2018 CUE claim, (2) compel the RO to complete, in an expedited manner, its efforts to comply with the Board's January 2022 remand instructions, and (3) compel the Board to provide an estimate on when it would issue a decision. *Id.*

On May 11, 2022, the RO notified Mr. Brooks that attempts to locate his 1972 x-ray records were unsuccessful. SAppx. 32–35. On May 17, 2022, the RO issued a decision finding no CUE in its original 1972 rating decision as to Mr. Brooks's thigh muscle injury. SAppx. 27–30. Mr. Brooks did not file a NOD in response.

On August 10, 2022, the Veterans Court denied-in-part and dismissed-in-part Mr. Brooks's mandamus petition. *Veterans Court Decision*, 2022 WL 3224506, at \*6. To the extent Mr. Brooks desired a new Board decision in addition to the Board's January 25, 2022 decision, the court held that Mr. Brooks must file a timely NOD of the May 2022 rating decision to obtain a Board decision on his CUE motion. *Id.* at \*4. Likewise, the court ruled that any sought-for estimate on when the Board would issue a decision was contingent on first filing a NOD. *Id.* The court also dismissed as moot Mr. Brooks's request to compel the RO to complete the Board's remand instructions because the RO completed those instructions when it issued the May 2022 decision. *Id.* at \*5. Mr. Brooks timely appealed.

## DISCUSSION

The scope of our review of a Veterans Court decision is limited. We have jurisdiction to "review and decide any

challenge to the validity of any statute or regulation or any interpretation thereof." 38 U.S.C. § 7292(c). Except to the extent that an appeal presents a constitutional issue, we may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

With respect to the court's denial of a mandamus petition, we "may not review the factual merits of the veteran's claim" but may "review the [Veterans Court]'s decision whether to grant a mandamus petition that raises a *non-frivolous* legal question." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013) (emphasis added). We may determine "whether the petitioner has satisfied the legal standard for issuing the writ." *Id.* In order to prevail on his request for mandamus, Mr. Brooks was required to show that: (1) he has a clear and indisputable legal right to the writ, (2) he has no other adequate avenue of obtaining relief, and (3) the writ is warranted under the circumstances. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). We review the Veterans Court's denial of a petition for a writ of mandamus for abuse of discretion. *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002).

Mr. Brooks appears to argue that the Veterans Court erred in determining that his claims were subject to the Appeals Modernization Act (AMA), and that under the AMA, Mr. Brooks was first required to file a NOD to appeal the RO's May 2022 decision back to the Board. Appellant's Informal Br. 1. To the extent Mr. Brooks challenges whether his claims are subject to the AMA, that is beyond our jurisdiction. To the extent Mr. Brooks challenges that, under the AMA, he is not required to submit a new NOD in the face of the RO's May 2022 rating decision, he fails to explain why. *See* 38 U.S.C § 7105 ("Appellate review shall be initiated by the filing of a notice of disagreement"); *see also* 38 C.F.R. 20.800(a) (explaining how contents of a notice of disagreement affects docketing priority at the Board); *see also Military-Veterans Advoc. v. Sec'y of*

*Veterans Affs.*, 7 F4th 1110, 1119 (Fed. Cir. 2021) ("The third lane is a direct appeal to the Board, which a claimant initiates by filing a NOD").

We determine that the Veterans Court did not abuse its discretion or commit legal error in denying Mr. Brooks's petition. The Veterans Court denied parts of Mr. Brooks's mandamus petition because he failed to show that he had no other adequate avenue in obtaining a Board decision on his CUE claims and an estimate as to when the Board would render that decision. *Id.* at \*4. The Veterans Court determined that Mr. Brooks may obtain the requested relief by appealing the RO's rating decision in the normal course to the Board by filing a NOD, which renders mandamus improper. The Veterans Court's finding of an adequate alternative avenue of relief is neither an abuse of discretion nor a legal error. Moreover, we note that Mr. Brooks may still file a NOD before May 2023 and obtain the Board review he requests. *See* 38 U.S.C. §7105(b)(1)(A) ("A notice of disagreement shall be filed within one year from the date of the issuance of the notice of the decision of the agency of original jurisdiction").

Mr. Brooks also requested mandamus to compel the RO to comply with the Board's January 2022 remand instructions. *Id.* at \*1. The Veterans Court dismissed because it found that the RO had already complied with the remand and issued a rating decision. *Id.* at \*5. We find no abuse of discretion or legal error in the Veterans Court's holding.

Mr. Brooks also argues that the Veterans Court violated due process by denying panel review under Veterans Court Rule 35. *See* Appellant's Informal Br. 7. However, we lack jurisdiction to review the Veterans Court's denial of panel review, and denying panel review is not a constitutional violation. *Arensen v. Principi*, 300 F.3d 1353, 1360 (Fed. Cir. 2002) (no due process violation with respect to Veterans Court denial of panel review or full court review of single-judge decisions).

CONCLUSION

We have considered Mr. Brooks's remaining arguments but find them unpersuasive. We *affirm* the Veterans Court's decision as to the writ of mandamus. For those issues in Mr. Brooks's appeal for which we lack jurisdiction, we *dismiss*.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

COSTS

No costs.