NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHIRLEY M. ISAAC,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1755

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-6523, Judge Amanda L. Meredith, Judge Grant Jaquith, Judge Joseph L. Toth.

---

Decided: February 5, 2024

---

SHIRLEY M. ISAAC, Dallas, TX, pro se.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

---

Before CUNNINGHAM, BRYSON, and STARK, *Circuit Judges*.

PER CURIAM.

Shirley M. Isaac appeals from an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying a petition for writ of mandamus and a subsequent order denying full court review. *Isaac v. McDonough*, No. 22-6523, 2022 WL 17951386 (Vet. App. Dec. 27, 2022) ("*Petition Order*"); S. App. 2 (denial of full court review). In her mandamus petition, Ms. Isaac asked the Veterans Court to compel the Department of Veterans Affairs ("VA") to act on her November 2021 disagreement with a June 2021 Board of Veterans' Appeals ("the Board") decision. *Petition Order* at \*1. For the reasons discussed below, we dismiss the appeal for lack of jurisdiction.

## I. BACKGROUND

Ms. Isaac is the surviving spouse of veteran James N. Isaac. *Petition Order* at \*1. In June 2021, the Board dismissed motions to revise, on the basis of clear and unmistakable error ("CUE"), two prior VA decisions finding that the Appellant could not be substituted for her late husband because no claim remained pending with the VA at the time of his death. *Id.* at \*1. In July and November 2021, Ms. Isaac filed two CUE motions expressing her disagreement with the June 2021 decision.[1]

---

[1]    The Veterans Court refers to a November 2021 filing styled as a "CUE Appeal." *Petition Order* at \*1. Before the Veterans Court, the Secretary referred to both a July 2021 CUE motion and an amended December 2021 CUE motion. *Id.* It appears that the November 2021 CUE filing is the same as the amended December 2021 CUE motion. *See* Appellee's Informal Br. 5. We generally refer to the filings as the July and November 2021 CUE motions.

On November 3, 2022, Ms. Isaac filed with the Veterans Court a petition for writ of mandamus requesting that the court compel the VA to act on her November 2021 CUE motion regarding the June 2021 Board decision. *Petition Order* at *1. In the Secretary's response on December 9, 2022, he apologized for the delay in acknowledging and processing Ms. Isaac's CUE motions. *Id.* He also attached a letter from the Board to Ms. Isaac dated December 5, 2022, "advising her that VA had received her motions and docketed them, and that the Board would consider them in the order in which they were received." *Id.* As to the writ, "[t]he Secretary argue[d] that VA has taken appropriate actions on [Ms. Isaac's] CUE motions and, as such, she has not demonstrated a clear and indisputable right to a writ of mandamus she seeks." *Id.* at *2 (internal quotation marks omitted and cleaned up).

On December 27, 2022, the Veterans Court issued a single-judge order denying the petition. *Id.* at *3. In this order, the court considered whether the writ justified the "drastic" remedy of mandamus. *Id.* at *2 (quoting *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976)). Because the petitioner alleged unreasonable delay by the VA, the court evaluated her petition under the *TRAC* factors.[2] *Id.*

---

[2] The *TRAC* factors refer to the factors discussed in *Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"). Under the *TRAC* factors, "(1) the time agencies take to make decisions must be governed by a 'rule of reason;'" (2) Congress "may supply content for this rule of reason" by providing a timetable for the agency to act; (3) "delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;" (4) "the court should consider the effect of expediting delayed action on agency activities of a higher or competing

Although the Veterans Court found the third and fifth *TRAC* factors "would generally weigh in favor of" Ms. Isaac, the court ultimately found that the other factors weighed against the issuance of a writ. *Id.* at *3. As a result, the Veterans Court denied the petition. *Id.*

On February 8, 2023, a three-judge panel adopted the December order as "the decision of the Court." S. App. 3–4. Ms. Isaac then filed a motion for full court review. *See* S. App. 2. In an order dated March 15, 2023, the court also denied this motion, finding that Ms. Isaac failed to demonstrate that review was "necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance." *Id.* (quoting Vet. App. R. 35(c)). The court then entered judgment in this case. S. App. 1. Ms. Isaac timely appeals.

## II. DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We may review "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Unless the appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). As we explain below, we are without jurisdiction to address the issues raised by Ms. Isaac's appeal.

---

priority;" (5) "the court should also take into account the nature and extent of the interests prejudiced by delay;" and (6) the court does not need to find impropriety to determine "agency action is 'unreasonably delayed.'" *TRAC*, 750 F.2d at 80. In *Martin v. O'Rourke*, the Federal Circuit adopted the *TRAC* factors to assess mandamus petitions asserting unreasonable delay. 891 F.3d 1338, 1348 (Fed. Cir. 2018).

A.

First, we address Ms. Isaac's appeal as to the December order denying her mandamus petition. In *Beasley v. Shinseki*, we explained that we have "jurisdiction to review the [Veterans Court]'s decision whether to grant a mandamus petition" when the Appellant "raises a non-frivolous legal question." 709 F.3d 1154, 1158 (Fed. Cir. 2013). We may not consider a challenge to a factual determination or the application of law to the facts of Ms. Isaac's case. *Id.* Notably, we do not discern any non-frivolous legal questions that would give us jurisdiction to review the denial of mandamus here.

The authority cited by Ms. Isaac that explicitly addresses mandamus also does not demonstrate any error in the underlying order. For example, Ms. Isaac cites *Wolfe v. Wilkie*, 32 Vet. App. 1 (2019), *rev'd sub nom. Wolfe v. McDonough*, 28 F.4th 1348 (Fed. Cir. 2022). Appellant's Informal Br. 2. The petition in *Wolfe* raised a legal question of whether a regulation was contrary to a particular statutory provision. 32 Vet. App. at 34–35. In Ms. Isaac's case, there is no colorable argument that the Veterans Court's analysis was contrary to a statute or other authority.

Much of the authority Ms. Isaac cites has no clear relationship to the denial of her mandamus petition. She cites a number of regulatory provisions and case law establishing that claimants like her have the ability to seek review of VA decisions based on CUE. *See* Appellant's Informal Br. 1 (first citing 38 C.F.R. § 3.105(a); and then citing 38 C.F.R. § 20.1403(c)); Appellant's Informal Reply Br. 3 (citing *George v. McDonough*, 142 S. Ct. 1953, 1957 (2022)). However, the regulations and *George* do not suggest that the Veterans Court committed legal error in its analysis or support that the petition for mandamus raises a non-frivolous legal question.

Ms. Isaac also cites legal authority supporting the proposition that the *Veterans Court* has jurisdiction to review a decision of the Board. *See, e.g.*, Appellant's Informal Br. 1 (citing 38 U.S.C. § 7252(a)); *id.* at 2 (citing *In re Cox*, 10 Vet. App. 361, 371 (1997), *as amended* (Sept. 4, 1997), *vacated sub nom. Cox v. West*, 149 F.3d 1360 (Fed. Cir. 1998)). But the Veterans Court did not determine that it lacked jurisdiction to address Ms. Isaac's petition. *Petition Order* at \*2–3. Rather, the court determined that the majority of *TRAC* factors did not support the issuance of a writ. *Id.* at \*3.

Ms. Isaac also asserts that the December order conflicts with the October 2020 Veterans Court decision involving her CUE claim. *See* Appellant's Informal Reply Br. 3 (citing *Isaac v. Wilkie*, No. 19-8692, 2020 WL 6051167 (Vet. App. Oct. 14, 2020) ("*October 2020 Decision*")). In that decision, the Veterans Court vacated the Board's decision because it failed to adequately explain its reasoning and remanded to the Board with directions to "proceed expeditiously." *October 2020 Decision* at \*1, 5–6 (citation omitted). The Board responded by issuing a new order denying Ms. Isaac's CUE motion in June 2021. S. App. 11; *see also* S. App. 13 (discussing October Veterans Court decision). Ms. Isaac may dispute whether the Board adequately complied with the 2020 decision in its June 2021 order. However, this 2020 Veterans Court decision does not provide any basis to challenge the denial of mandamus regarding her subsequent CUE motion.

Lastly, Ms. Isaac cites the Constitution in her briefing. Appellant's Informal Br. 1–2; Appellant's Informal Reply Br. 4. However, we lack jurisdiction over a "claim [that] is constitutional in name only," like the one raised here. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). In sum, because Ms. Isaac does not raise any non-frivolous legal question challenging the denial of mandamus, *Beasley*, 709 F.3d at 1158, we lack jurisdiction to address her disagreement with the December order.

## B.

Ms. Isaac also argues the Veterans Court erred in its March 2023 order denying her motion for full court review of the December order. *See* Appellant's Informal Br. 1–2; S. App. 2. Ms. Isaac argues full court review was warranted because the December order "failed to resolve a question of exceptional importance," Appellant's Informal Br. 2; "is contrary [to] . . . precedent," *id.*; and is in conflict with the October 2020 decision, Appellant's Informal Reply Br. 3 (citing *October 2020 Decision*). *See* Vet. App. R. 35(c) ("Ordinarily [motions for full Court review] will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance.").

However, Ms. Isaac again does not identify a question of law over which we have jurisdiction. *See* 38 U.S.C. § 7292(d)(1). She does not challenge the legal standard the Veterans Court applied or argue that the court erred in its interpretation of that legal standard. *See* Appellants' Informal Br. 2 (citing Vet. App. R. 35(c)). Rather, she appears to argue that the court erred in applying this standard. *See id.* We are without jurisdiction to review the application of this legal standard to the facts of Ms. Isaac's case. *See* 38 U.S.C. § 7292(d)(2); *Arnesen v. Principi*, 300 F.3d 1353, 1360–61 (Fed. Cir. 2002) (finding lack of jurisdiction to review a challenge to the Veterans Court's denial of full court review).

## III. CONCLUSION

We have considered Ms. Isaac's remaining arguments and find that none raises a non-frivolous legal question over which we can assert jurisdiction. *See Beasley*, 709 F.3d at 1158. For these reasons, we *dismiss* Ms. Isaac's appeal.

**DISMISSED**

8                                                ISAAC v. MCDONOUGH

COSTS

No costs.